Parsons, C. J.
It appears from the case as stated, that on the 19th of June, 1803, Calder, a master of the defendant’s ship Martha Washington, was with the ship at St. Petersburg, and there purchased of Blandow & Co. a cargo for his owner, agreeably to whose orders to pay the balance due to Blandow & Co., he drew a bill for 25,000 rubles on the defendant, payable in six months at Amsterdam,, at the plaintiffs’, without mentioning the name of any payee. This bill was delivered to Blandow & Co., who, on the 23d of June, sent the bill to the plaintiffs, with an endorsement, di reefing the defendant to pay the contents to the order of the plain tiffs, value in account. The plaintiffs, at the request of Blandou & Co., sent the bill to the defendant, who accepted it; and it not having been paid, the plaintiffs have brought this action, in which they have declared in several different ways, that these facts might support some one of the counts.
The third count states the contract as a bill drawn by Blandow & Co. on Pearce, in favor of the plaintiffs, and accepted. And we are all satisfied that the plaintiffs may recover on this count; because every endorsement of a bill may be considered as a new bill drawn by the endorser on the acceptor in favor of the payee.
[ * 263 ] * The defendant’s counsel have not contested the truth of this position as generally true; but they argue that this case must be considered as an exception for two reasons.
1. Because, from the letters of the plaintiffs, it appears that they hold the bill on account of the endorsers, and therefore the action shou.d have been sued in their names. This reason does not appear to have much force; for upon an express promise to pay to the factor of any one for the use of the principal, the factor may *235 maintain an action in his own name; and as the endorsement expresses value in account, if the endorsee holds it for the use of the endorser, he is his factor, as to this bill. If Pearce had, after his acceptance, paid the bill to the principal, he might be allowed to avail himself of such payment against the factor.
2. The second reason is, that the creditors of Blandow & Co have sued Pearce as their trustee, and therefore the money due on the bill is attached in his hands. This reason cannot prevail, for in this action we cannot consider the rights of any persons, who are not parties to the bill. And admitting that Blandow & Co. might have given notice to Pearce not to pay the bill to their factors, the plaintiffs, yet the creditors of Blandow & Co. have no authority to discharge Pearce from his express promise made to the factors of their debtors.
Let the defendant be defaulted, and let the plaintiffs enter their judgment on the third count for the sum agreed to be due on the bill.