Mathews, J.
delivered the opinion of the court. This is a suit by attachment, wherein a quantity of tobacco was seized, in the possession of Jackson, the garnishee, as the property of the defendants. The former claims a lien on the tobacco, and a preference to be paid the sum of $5595 97 cents, out of the proceeds, as creditor of the defendants, on *298 account of a bill, or order, drawn by them, for $5000, in favour of B. Williams, and $595 97 cents, on other accounts.
East'n District.
Feb. 1821.
It appears by the evidence in the cause, that the bill was accepted by the garnishee, before the attachment was levied, and was to be paid out of the tobacco, subsequently attached in his hands.
As the plaintiff does not contend against the lien and privilege claimed by the garnishee, to the extent of his own debt, it is only necessary to enquire what effect his acceptance, in favour of Williams, ought to have in opposition to the right claimed by the attaching creditor.
It has already been determined by this court, in several cases, that, before the delivery of the property sold, it is liable to be seized by the creditors of the vendor. See the preceding case and those there cited. On the authority of those decisions, the plaintiff’s counsel relies, as applicable to the present case.
We are of opinion, that the situation of the claimant, in the case now under consideration, is clearly distinguishable from that of a vendee, who has not obtained the delivery of the *299 thing sold. The garnishee does not pretend to an absolute and exclusive right of property, as in a sale; his pretensions do not extend to the entire exclusion of the plaintiff's right to attach the tobacco, as would happen in the case of a vendee. He only insists on his privilege and preference, as a possessor of the property of the defendants, who are indebted to him; and, on his just and equitable claim, to be secured for his acceptance.
If he claimed as a purchaser, and shewed a bona fide contract of sale, made previous to the levy of the attachment, the plaintiff would fail entirely, for the garnishee was in possession of the property.
Notwithstanding this clear and evident distinction, between the claim of a vendee and that made by the garnishee, in the present case, let us suppose, that it may be somewhat different, to discern any sound reason, why a fair purchaser, who has paid the price of the thing bought, when the sale is unaccompanied by tradition, should be placed in a worse situation than a factor, who claims certain lieus on the property in his possession. To such difficulty and doubt, if they really do exist, it might be answered,that in relation to a sale, *300 the rules are positive, clear, and explicit, and laid down by the laws of the state while commercial transactions (purely such) are to be governed by the customs and usages of merchants, or the lex mercatoria.
Livermore for plaintiff, Maybin for defendant.
Considering the right and claim of the garnishee, in this case, under the government of the law-merchant, we have not the least doubt of their legality and equity. When the owner of property is justly indebted to his factor or agent, who has the possession of it; or when the latter has accepted the bills of the former; or, in any other manner, has bound himself as principal to a third party, on the faith and credit arising from the property thus possessed by him we are of opinion, that it would be unjust and illegal to prefer the rights of an attaching creditor to those of the factor, whenever the transactions between the principal and agent, are in the usual and free course of trade, 4 Dallas, 279, 4 Mass. Rep. 258, 263.
It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.