Present at this term,
{
Chief Justice *Lipscomb,*
Judges *Saffold,*
    *Crenshaw,* and
    *Gayle ;* and
    *Ellis,* and } until the 28th
    *Minor,* } of *December.*
}

---

### Davis *against* Chester.

*December,* 1823.

JUDGE *Minor.*—The declaration states that the note was dated *December* 25th, 1822, and assigned by payee to plaintiff on the 25th of *February*, one thousand eight hundred and twenty. By the copy of the note, &c. endorsed on the writ it appears to have been assigned on the 25th of *February*, 1823. On the trial of the issue on the plea of nil debit, the defendant objected to the note and endorsement being read in evidence ; and the Court, without taking the cause from the Jury, permitted the plaintiff to amend his declaration so as to correspond with the cause of action endorsed on the writ ; to which the defendant excepted, and now assigns this matter as Error.

We are of opinion that the amendment was not material or necessary. In the description of the contract between the defendant and the payee, there appears to be no variance between the declaration and the evidence. The defendant could not have been made liable to another recovery by setting out in a second action an endorsement of another

Endorsee vs. maker. Declaration sets out the assignment to have been made before the date of the note, it may be amended by the endorsement of the writ.

49

Davis
v.
Chester.

date ; nor could he have been surprised or misled by the date of the endorsement as set out. On the trial it was competent for either party to prove that the endorsement was made on a different day than that mentioned in the declaration, and to have availed himself of any matter depending on the time when it was really made. Doug. 514. Campbell's R. 140. The date, as mentioned in the declaration, was evidently a mistake in the pleadings ; for the correction of which the Circuit Court was authorised by the Statute of jeofails to look back to the endorsement on the writ, and, without any order for that purpose, to consider the mistake as amended.

Judge *Crenshaw.*—In giving my assent to the affirmance of judgment in this case, I wish it to be understood that it is solely on the ground that the amendment was immaterial and unnecessary. After a cause has gone to the Jury, to permit an amendment on any material point by which their verdict might be affected, I hold to be a dangerous practice, and not sanctioned by law. Though the case is not disposed of on this ground, yet as the question has been raised by the assignment of Errors, I conceive that it ought to be settled, in order that the practice in the Circuit Courts may be uniform.

By the Court unanimously. Let the judgment be affirmed.

Judge *Gayle* not sitting.

*Collier*, for plaintiff in Error, cited 6 Cra. 222. 4 Mass. 258. 1 Ch. Pl. 231. Ch. Bills, 498. He contended that the amended declaration was a new declaration, and therefore the Jury rendered a verdict on an issue which they had not been sworn to try.

*Perkins*, for defendant in Error.