Parker C. J.
According to the disclosure of Haven, he is at all events the trustee of Norris the defendant; and the question is, whether he is answerable for the whole balance of the consignment to him, deducting his advances, commissions, &c. ; or, whether there should be a further deduction for the amount of the bill drawn by Norris on Hall and Curtis, which being dishonored by them was accepted by Swett 6 Co. for the honor of Knight & Co., the first indorsers of the bill.
The question presented by the disclosure of the trustee is, whether the direction of Norris, the owner of the funds, to Haven his factor, communicated as it was to Swett & Co., was an assignment of so much of the funds to Swett & Co., as would discharge the bill accepted by them, or whether Haven had come under such obligation to Swett & Co. to take up the bill, as would give them a right of action against him for not performing this engagement. At the time of Norris’s direction to Haven, he was equitably indebted to Swett & Co., they having accepted his bill, though not at his request, yet for his benefit and to preserve his credit as well as that of the indorsers. He was bound, morally, as well as by mercantile hon- or, to provide funds to meet that engagement. He discharged his duty by his direction to his factor. Nothing more was necessary to make the appropriation of the funds complete, than for Swett & Co. to have notice of it and to assent to it. This was done, Haven having given the notice and having expressly engaged to pay the bill from the funds thus appropriated. The assent of Swett & Co. must be presumed ; for it was for their benefit, and they did not dissent, but on the contrary took no measures to secure themselves, or the friends for whose honor they accepted, relying for the due discharge of’ the bill, upon the direction of Norris and the engagement of Haven. Haven was liable to an action upon this promise, and *290 the funds could have been recovered to indemnify Swell & Co.
It is said that all this passed without writing ; but that is no objection, as the statute of frauds cannot apply to the case. In the case of Crocker v. Whitney, 10 Mass. R. 31C, it is strongly intimated, that an assignment may be good without writing; and the case of Hall v. JWarston, 17 Mass. R. 575, is of a similar character ; and they are supported by the English cases. The principle of the decision in the case of Van Staphorst v. Pearce, 4 Mass. R. 258, is strongly in support of this position. A late case in England, Hodgson v. Anderson, 3 Barn. & Cressw. 842, is still stronger to the-same point. It is therein expressly decided, that an assignment of a debt to pay a creditor, if assented to by the party owing, is valid though it be not in writing.[1]
We think the acts of Swett, ignorant probably of his legal rights, do not bear upon the question in any other way, than as showing that he did not assent to the arrangement between Norris and Haven ; but they fail to prove this, as he no doubt acted under a fear, that what had been done might be defeated by the processes of the other creditors.

 See Collins v. Wescott 5 Fairfield, 193.