## ASA LEGRO *vs.* JOSEPH STAPLES & TRUSTEES.

An order negotiable in its form, but drawn for no specific amount, and payable
upon a contingency, cannot be regarded as negotiable.

But such order, being drawn for the whole of a particular fund, and accepted
by the drawee to be paid when in funds, is an assignment of the amount to
be received, and is sufficient to prevent any attachment of it by a trustee
process as the property of the assignor, if the assignment be valid.

If the drawee be summoned as the trustee of the drawer of the order, and
disclose facts showing an assignment to another, and the creditor object that
the assignment is invalid and ineffectual to defeat his attachment, the as-
signee should be summoned in and made a party to the suit, under the pro-
visions of the *stat.* 1821, *c.* 61.

And when the assignee is thus summoned in, if the assignment should be
shown to be invalid, and the trustee should be adjudged to pay to the credi-
tor of the assignor, such judgment would be a sufficient protection to the
trustee to the amount thereof in a suit against him by the assignee.

ON the disclosure of trustees. *Messrs Chandler & Paine,* being
summoned as trustees of *Joseph Staples,* disclosed that before the
service of the writ they had collected for him of *Jedediah Varney*
a sum of money, which they had not paid over; but that before

the service they had accepted an order drawn on them by the defendant in the words following. " *Bangor, March* 15, 1837. Pay to the order of *Jeremiah Staples* whatever sum you may collect for me of *Jedediah Varney,* on demands left with you for collection. *Joseph Staples.* To *Messrs Chandler & Paine, Bangor, Me."* On the face of the order it was accepted in these words. " Accepted to pay when collected, after deducting our bill against *Staples. Chandler & Paine."* The order was presented to them for acceptance by the defendant, *Jeremiah Staples* not being present, and was presented to them for payment after this action was commenced by a person unknown to them. On the facts presented by the disclosure, the counsel for the plaintiff contended, that the acceptance of the order was not an acceptance of negotiable paper, which *ipso facto* would discharge the supposed trustees, but that the drawing and accepting of the order, and the other facts stated, constituted a *prima facie* assignment of the balance of money in their hands to *Jeremiah Staples.* They denied the validity of this assignment, and moved the Court to allow them to contest the same according to the provisions of *stat.* 1821, *c.* 67, *sec.* 7. The Court was holden by EMERY J., and the exceptions state, that " the Judge decided otherwise, adjudged that this was not an assignment within the purview of the statute, and that said *Chandler & Paine* were not trustees, and overruled the plaintiff's motion to be allowed to contest said assignment." The plaintiff filed exceptions.

The case was argued in writing, by *Moody & Le Breton,* for the plaintiff, and by *A. W. Paine,* for the trustees.

*For the plaintiff,* it was contended, that the order was not a negotiable security. 1. Because it was not for the payment of money absolutely and at all events. *Bayley on Bills,* 1, 8; *Coolidge* v. *Ruggles,* 15 *Mass. R.* 387. An order to be paid out of money when collected is not negotiable. *Bayley,* 10; *Black. R.* 782; 3 *Wils.* 207; 6 *Cowen,* 108. 2. Because it was payable out of a particular fund. 2 *Bos. & P.* 413. 3. Because it was not drawn for the payment of a specific sum. *Bayley,* 7; 2 *Stark. Rep.* 375; *Adams* v. *Robinson,* 1 *Pick.* 461. This then not being a negotiable security, it could only operate as a *prima facie*

assignment of the demand, and we were entitled by the statute to try its validity.

*A. W. Paine*, for the trustees, argued, that if the order was not negotiable, the trustees must still be discharged. The acceptance of the order is making a new contract, independent of the former one, with a third person, which contract the trustees are bound to perform. Fraud or wrong between others does not affect their rights. 4 *Mass. R.* 258. The order itself, without the acceptance, operates as an assignment, and such as the statute contemplates. The acceptance extinguishes the old implied contract, and substitutes the new express one with another person. The trustees have a right to claim of the Court such an adjudication as will save them harmless in every possible emergency. The adjudication in this case, if against the trustees, could not be given in evidence in a suit by the assignee against them, and they might be compelled to pay the amount twice. The plaintiff ought not therefore to be permitted to summon in the payee of the order, as in no emergency can he derive any benefit from the result of his inquiry.

The opinion of the Court was drawn up by

SHEPLEY J. — The order named in the exceptions cannot be regarded as negotiable, because it was not drawn for any specific amount and it was payable only upon a contingency. It did however operate as an assignment of the amount which might be received. *Cutts* v. *Perkins*, 12 *Mass. R.* 206 ; *Robbins* v. *Bacon*, 3 *Greenl.* 346. And that would be sufficient to prevent any attachment of it as the property of the defendant, if there were not a suggestion, that it was invalid, and so ineffectual to transfer the property. Such an allegation having been made, the statute provides that the assignee may be summoned and become a party to the suit, and that the validity of the assignment may be tried and decided. *Stat.* 1821, *c.* 61, § 7. The language of the statute must be regarded as embracing all written transfers or assignments, whatever may be their form. The law must decide what is an assignment, and if decided to partake of that character it will be included in the class of instruments contemplated by the statute. This is indicated both by the language and design of it.

The acceptors of the order, who are summoned as trustees of the assignor, contend, that they ought not to be holden as his trustees because their contract with him has been discharged, and a new one made with the assignee. And that they would not be protected against a suit brought upon the order by the assignee. But the very question contemplated by the statute to be tried and determined is, whether there is any valid contract upon which the assignee can claim, and he is to become a party to the suit in which that question is to be determined. And if his title is adjudged not to be good, they will be released from any promise to him. And should they be adjudged to pay to the creditor of the assignor, they will be fully protected by that judgment, because they may offer it in evidence against the assignee, it being between the same parties. The case presents in principle only that of an assignment *inter partes*, where the creditor, debtor, and assignee of the creditor mutually stipulate for a payment by the debtor to the assignee.

*Exceptions sustained.*