## JOSEPH JOHNSON *vs.* LUDO THAYER & *trustee.*

An order drawn by a creditor upon his debtor in favor of a third person, and accepted, may operate as a valid assignment of the debt, although it be not negotiable, or expressed to be for value received.

Where the supposed trustee discloses an assignment, valid in its form, and the plaintiff does not request the assignee to be summoned in, that its validity may be tried by a jury, under the provisions of the *stat.* 1821, *c.* 61, § 7, although the facts disclosed may justly create a strong suspicion that the assignment is fraudulent and void, and where yet it is possible that on a trial before a jury, the assignment might be proved to be legal and operative, *the Court* cannot decide it to be fraudulent.

When the case has been argued and presented to the Court for a final decision upon the disclosure alone, it is too late for a motion to summon in the assignee.

THE question in this case was, whether *Nathaniel Treat,* who had been summoned as the trustee of *Thayer,* should be charged upon his disclosure. *Treat* was indebted to *Thayer, October* 24, 1838, in about the sum of two hundred dollars. On that day *Ludo Thayer* drew an order upon him of the following tenor.

" *Orono, Oct.* 24, 1838. *Mr. N. Treat.* Please to pay *Charles Thayer* the amount due me from you on account of erecting the dam, and oblige yours, *Ludo Thayer.*"

The order was accepted by *Treat* on the day of its date. The service of the trustee process was made upon him, *Nov.* 7, 1838. *Treat,* in answer to the interrogatories of the plaintiff, stated, that *Charles Thayer* was a son of *Ludo Thayer,* and at the time was

a minor; that the order was delivered to the defendant, *Charles* not being present; that the defendant said he wished for something to save a trustee suit, and *Treat* signed the order; it was never presented to him by *Charles*, but it was by his father to whom *Treat* paid about one hundred dollars after it was given and before the service of the writ. After the service of the writ, the order was presented to him by *John Bennock, jr.* to whom it had been transferred in writing, by *Charles Thayer;* but the transfer was made after the service.

*Washburn,* for the plaintiff, insisted, that the trustee should be charged. There was no assignment to *Charles Thayer,* and if none to him, that to *Bennoch,* made subsequently to the service of the trustee process, necessarily falls. The order was not negotiable, and was never delivered to *Charles Thayer.* Giving an acceptance to the defendant, the person to whom the debt was originally due, is no assignment thereof. Unless the disclosure affords *prima facie* evidence of an assignment, the trustee must be charged. There is no foundation laid by the disclosure for presenting the case to the jury under the provisions of the *stat.* c. 61, § 7. Unless a valid disclosure appears by the assignment, there is no question to try. *Cushing's Tr. Pro.* 101, § 242; *Dunning* v. *Sayward,* 1 *Greenl.* 366; *Cushman* v. *Haynes,* 20 *Pick.* 132. If the Court have doubts, the plaintiff would wish the supposed assignee summoned in, and to have a trial by the jury.

*F. Fuller,* for the trustee, contended;— that if the drawing and acceptance of the order was done *bona fide,* it was sufficient in law to assign the debt. A promise to accept an order to be drawn, will operate as an assignment. 16 *Mass. R.* 341. Mere delivery of a note may be an assignment. 13 *Mass. R.* 304. An accepted order in favor of a third person is sufficient. 4 *Mass. R.* 450. It need not be expressed to be for value received. 1 *Pick.* 461. An account or chose in action may be assigned so as to discharge a trustee. 4 *Mass. R.* 508. If fraudulent, the fraud should be tried and detected in the mode provided by the statute. Here the trustee does not declare it to be fraudulent, and the Court cannot presume it to be so. Its genuineness is a mere question of fact to be tried by the jury, and if the plaintiff doubted it, he

should have had it tried in the mode provided by the statute. 8 *Pick.* 67 ; 13 *Mass. R.* 215. The trustee must be discharged unless the plaintiff causes him to be made a party ; for if the plaintiff does not thus object to its validity, he admits it. *Adams* v. *Robinson,* 1 *Pick.* 461.

The opinion of the Court was by

Shepley J. — An order drawn by a creditor upon his debtor in favor of a third person and accepted, may operate as a valid assignment of the debt, although it be not negotiable or expressed to be for value received. *Adams* v. *Robinson,* 1 *Pick.* 460 ; *Legro* v. *Staples,* 16 *Maine R.* 252.

The person summoned as trustee in this case was obliged by his acceptance to pay to *Charles Thayer* the debt due to the defendant ; and he should be protected against a liability to him and a payment to the plaintiff, unless he has disclosed facts, which authorize the court to decide, that the assignment is inoperative.

The defendant procured the order to be accepted, payable to his minor son, stating that he wished to avoid the effect of a trustee process ; and he afterwards presented it and received a payment upon it.

These facts may justly create a strong suspicion, that the assignment was without consideration, fraudulent and void. But while these facts are admitted, it may be true, that it was made in good faith and for a valuable consideration. If the plaintiff had made the objection permitted by the *statute, c.* 61, § 7, it is possible, that the assignee, though a minor, might have proved, that he paid a valuable consideration, and that the father acted as his agent in procuring the acceptance and the payment afterwards made upon it. He would not be bound by any declarations of the father with which he was not connected. However improbable, judging from the present state of the case, it may be, yet when the court perceives, that it is possible, that the assignment might, on trial before a jury be proved to be legal and operative, it cannot decide it to be fraudulent. The presumption of law is in its favor, and it must be proved to have been fraudulently made before the court can be authorized to decide against it.

The argument for the plaintiff suggests, that the assignee may now be summoned, and may become a party for the purpose of trying the validity of the assignment. He is not obliged to appear for the purpose of protecting his rights unless he is summoned. The plaintiff has made no such objection as the statute requires to enable the court to present the case to a jury for decision. It was the design of the statute to permit the plaintiff to put the validity of the assignment in issue before the case was presented to the court for its final decision, and not afterwards. It is too late to present that question after the case has been argued and presented for a final decision upon the disclosure alone.

*Trustee discharged.*