### CONWAY v. CUTTING AND TRUSTEE.

A written order by a creditor upon his debtor, requesting him to pay to a third person, is an equitable assignment of a chose in action, which a court of law (the debtor having received notice of the assignment) will recognize and enforce.

No particular form of words is essential to the validity of such an assignment; neither is the express assent of the debtor thereto required in order to establish his liability to pay the debt to the assignee.

FOREIGN ATTACHMENT, by Fred Conway against Erastus Cutting and the city of Manchester, trustee. By the deposition of the treasurer of the city, it appeared that, at the time of the service of the plaintiff's writ on the city, the city was owing the defendant $48.00 for work. Arthur M. Eastman appeared as claimant of that sum. Before the service of the plaintiff's writ on the city, the defendant being indebted to Eastman more than $60.00, gave Eastman a written order on the city for $60.00. Upon this order the city treasurer wrote "Accepted, to be paid when in funds," and signed the acceptance. The order and acceptance were as follows:

"Manchester, October 15, 1870.

"City of Manchester, please pay Arthur M. Eastman sixty dollars, and charge the same to me.  $60.00.                    ERASTUS CUTTING."

"October 15, 1870.  Accepted, to be paid when in funds.

"H. R. CHAMBERLAIN, TR."

The treasurer had never been expressly authorized by the city authorities to accept this order or such orders, but he had been accustomed for twenty years frequently to accept such orders, and to pay them according to the acceptance, without objection being made by the city. The custom had been so extensive as to be evidence upon the question of its being known more or less to the city authorities.

The court reserved the questions:

1. Whether, as matter of law and aside from the custom, the treasurer was authorized to accept the order, so as to entitle the trustee to be discharged in this case.

2. If, as matter of law, the trustee is not entitled to be discharged, whether evidence of the custom, or evidence that the custom was known to the city authorities, is admissible to show the treasurer's authority to accept this order, as between the plaintiff on one side, and the defendant, trustee, and claimant on the other.

*Osgood*, for the plaintiff.

*Lord & Sulloway*, for the claimant.

FOSTER, J.   We do not regard it as essential to the rights of the parties that we should answer the precise questions reserved in this case.

The case finds that the defendant was indebted to Eastman, the claimant, and that, prior to the service of the trustee process, and, for the purpose of securing Eastman's claim, he gave Eastman an order upon the trustee, directing the trustee to pay to Eastman, instead of himself, the debt which the trustee was owing to him, the defendant.

This was neither more nor less than a valid assignment of a chose in action.  1 Pars. Con. (5th ed.) 226, and note *n ;  Cameron* v. *Little,* 13 N. H. 25 ; *Thompson* v. *Emery,* 27 N. H. 269 ; *Brewer* v. *Franklin Mills,* 42 N. H. 294 ; *Jordan* v. *Gillen,* 44 N. H. 424 ; *Wheeler* v. *Emerson,* 44 N. H. 182 ; Drake on Attachment, sec. 610 ; *Van Staphorst* v. *Pearce,* 4 Mass. 258 ; *Tucker* v. *Marstellar,* 1 Cr. C. C. 254 ; *Payne* v. *Mayor and Aldermen of Mobile,* 4 Ala. 334 ; *Master* v. *Miller,* 4 D. & E. 343 ; *Robbins* v. *Bacon,* 3 Greenl. 346.

An assignment of a chose in action need not be by any particular form of words, or particular form of instrument.   Any binding appropriation of it to a particular use, by any writing whatever, is an assignment, or, what is the same, a transfer of the ownership.   And where it appears that a debt due from a trustee to the defendant has been equitably assigned, the court will take cognizance of the assignment and protect the rights of the assignee.   For, as the defendant has parted with his interest in the debt and can no longer maintain an action for it against the trustee for his own benefit, and as the plaintiff can acquire no greater interest in the debt than the defendant had at the time of the service of the trustee process, it results that the trustee cannot be charged for that which equitably he has ceased to owe the defendant and owes to another person.   Drake on Attachment, secs. 604, 608.

Accordingly it has been held that where a trustee disclosed indebtedness to the defendant, but stated that the defendant had drawn an order on him to pay the balance of his account to a third person, and it was objected that this was no assignment because it did not purport to be for value received, and because it did not appear but that the drawee named in the order was the servant of the defendant to receive the money for the defendant's use, it was held that there was a *prima facie* assignment, and that the words "value received" were not necessary.   *Adams* v. *Robinson,* 1 Pick. 461 ; *Legro* v. *Staples,* 16 Me. 252 ; *Johnson* v. *Thayer,* 17 Me. 401 ; Drake on Attachments, sec. 610.

So where A was indebted to B on book account, and B wrote at the bottom a request to A to pay the amount to C, and notice of the assignment was given to A, and afterwards A was trusteed in a suit against B, and was charged as trustee and paid the money, and suit was then brought in B's name for the use of C to recover the money, it was held that the order, being drawn for the whole amount due, was an assignment of the debt, and that A was bound to know that an assignment was intended.   *Robbins* v. *Bacon,* 3 Greenl. 346.

It is quite unimportant whether the treasurer had the power of binding

the city by accepting the order or not, as it is very clear that his refusal to accept would not have affected the right of Eastman to the money, which did not depend on any act of the city, and was only necessary to enable him to sue in his own name.    *Payne* v. *The Mayor and Aldermen of Mobile*, 4 Ala. 334.

The city, through its treasurer, had notice of the assignment, and upon such notice was bound to pay to the assignee and not to the assignor. No express assent to the assignment, nor promise to pay, would add any force to the trustee's obligation, the liability of the trustee being fixed and established by mere notice of the assignment. 1 Pars. Con. (5th ed.) 224.

By such notice the rights of all parties are protected. Though the assignment, as between the parties to it, was complete and effectual from the moment it was made, and the assignor, if he should afterwards receive payment of the debt, would be obliged to pay the amount to the assignee, still, the trustee was under no obligation to pay the assignee until notice received of the assignment. After that a payment to the assignor would be at the peril of the trustee, who could not avail himself of such payment in defence of a subsequent action against him by the assignee.