WOODRUFF v. HENSEL.

1. ORDER—ACCEPTANCE.
An order for the payment of money drawn by one person upon another cannot, without acceptance, be the basis of an action.
2. NOVATION.
A novation is the case of a new contract formed and a former contract dissolved, and the general principles in regard to consideration attach to the whole transaction. To give to the transaction its full legal efficacy, the original liabilities must be extinguished.

*Appeal from the County Court of Arapahoe County.*

Mr. E. E. EDMONDS, for appellant.

Mr. JOHN HIPP, for appellee.

REED, J., delivered the opinion of the court.

Appellant contracted with George W. Dade for the building of two houses at $816 each. Hensel (appellee) was employed to work upon the buildings. The buildings were completed in the spring or early summer of 1892. At the

time of their completion Dade, the contractor, was indebted to appellee about $106 for labor. Appellant from time to time had paid Dade various sums of money, but late in the fall, about Thanksgiving, there had been no settlement between appellant and Dade. It appears that appellee had previously applied to appellant for money on account of Dade, and had on one occasion been paid $5. At a later date he again applied and was informed that he must get an order from Dade. At about the date mentioned (late in November, 1892), Dade drew a written order upon appellant in favor of appellee for $100. Dade and appellee went together to the house of appellant and the order was presented. Although the evidence is somewhat conflicting, that of both parties establishes the fact that the written order was not accepted by appellant. Plaintiff testified that the order was handed to appellant, who read it and said: " I can't pay this all now, but (he went up and got his time-book) he said, I will pay twenty dollars ; and says, I will settle the middle of the week; may be the middle and it may be the last." Dade testified : " I had written an order for a hundred dollars and Mr. Hensel then passed the order to Mr. Woodruff. Mr. Woodruff took the order and looked at it, and then paid Mr. Hensel twenty dollars. He did not object to the payment of the twenty dollars. He simply stated that was all he could spare at that time."

Appellant testified: "I said to Mr. Dade, why, it is an order for a hundred dollars; it is a question whether I owe you any money ; but is very sure I don't owe you a hundred dollars, and I will not have anything to do with the order, and passed it back to Mr. Hensel." The other parties said the order was retained by appellant.

However the fact may be, that was the last seen or known of the order by either of the parties. Appellant paid appellee twenty dollars on account of Dade and appellee left. After he was gone, according to the evidence of Dade, he and appellant looked over accounts, or had a partial examination, which showed appellant still indebted to Dade about $40. This

substantially is all the evidence of any importance in the case.

Appellee brought suit before a justice of the peace.    There were no written pleadings.    As near as can be gathered from the pleadings, counsel of appellee proceeded upon the theory that the transaction was an acceptance of the order, and appellant legally obliged to pay the remaining $80, and suit was brought upon the lost instrument.    An appeal was taken to the county court, a trial had to the court without a jury, resulting in a judgment for the plaintiff (appellee) for $40, from which this appeal is prosecuted.    It is apparent that the court correctly found that there had been no acceptance of the order, consequently no liability on account of it; but the court evidently regarded the transaction as a legal or an equitable transfer of the $40, found to be due from appellant, and gave judgment for it.    In this the court erred.    By the refusal to accept the order, it became of no legal importance or significance and could not without acceptance in full, or a limited acceptance and promise to pay some fixed sum, be the basis of any action, nor operate as a transfer or assignment, or promise to pay any amount whatever, and must be ignored and treated as if it had never existed.

The liability, if any, must have arisen from other sources, and from a contract, promise, or agreement on the part of appellant to pay appellee whatever sum on settlement should be found due Dade, and a request from Dade that the balance should be so applied.    No promise is alleged or claimed to pay any amount whatever.    Appellee left before it was ascertained what, if any balance, was due Dade; nor was there any agreement to pay it to appellee.    Woodruff was the debtor of Dade, he the debtor of Hensel.    To have made the transfer and substitution so as to enable Hensel to maintain this action against appellant, a new contract, novation, was necessary.    In order to effect it the three parties must have agreed either that a definite amount, or whatever balance was due Dade, should be paid appellee.    Woodruff must have agreed to pay it to Hensel.    It must have operated as a

release from Dade to Woodruff and a release from Hensel to Dade to the extent of the money paid. No such formalities occurred; hence, no action at law could be brought by appellee against Woodruff.

"It is the case of a new contract formed and a former contract dissolved. And the general principles in regard to *consideration* attach to the whole transaction. Thus to give to the transaction its full legal efficacy, the original liabilities must be extinguished. For if the debt from A to B be not discharged by A's promise to pay it to C, then there is no consideration for this promise and no action can be maintained on it." Pars. on Cont., 217 to 220; *Tatlock v. Harris*, 3 T. R. 174; *Wilson v. Coupland*, 5 B. and Ald. 228; *Thompson v. Perceval*, 5 B. and Ad. 925; *Langley v. Berry*, 14 N. H. 82; *Giddings v. Colman*, 12 N. H. 153; *Legro v. Staples*, 16 Me. 252; *Ford v. Adams*, 2 Barb. 349; *Owen v. Bowen*, 4 C. & P. 93.

Counsel devote much argument to the proposition that, if not sustainable at law, it may be regarded and enforced as an equitable assignment. An examination, under the authorities, shows the transaction to have been lacking in the necessary requisites; but it is sufficient to say that the proceeding instituted was not in the nature of one to enforce an equitable assignment.

The judgment will be reversed and the cause remanded.

*Reversed.*