THE CENTRAL NATIONAL BANK OF PUEBLO v. SPRATLEN ET AL.

ASSIGNMENT.

An order to pay out of a special fund is a valid assignment of the amount ordered to be paid.

*Appeal from the District Court of Pueblo County.*

ONE L. C. Lane was a contractor grading streets in the city of Pueblo. From the city there was due or to become due something over $2,300, to be paid in city warrants. On June 22, 1893, Lane, being indebted to appellant in the sum of $1,198.37, assigned to it all money due and to become due from the city, the bank to convert the city warrants into money at the best advantage, pay itself all indebtness from Lane, and the balance remaining to be the property of Lane, the assignor.

On the 19th day of July the bank was garnisheed, at the suit of Doyle & Co. v. Lane, for the sum of $496.93. On the same day Lane made the following paper and delivered it to appellees :

"PUEBLO, COLO., July 19th, 1893.

"THE CENTRAL NATIONAL BANK,
        "D. L. HOLDEN, Pres.

"Please pay to Spratlen & Anderson out of money due me from city assigned to you $500.00 and

"Oblige,
        "L. C. LANE."

Which paper was delivered to the bank on July 19th, immediately after the service of the writ of garnishment at the suit of Doyle & Co.; was taken, and for the time being retained by the bank without its objecting to it in any way.

On the same date, and after the delivery to the bank of the order of Lane in favor of Spratlen & Anderson, the bank was notified that Lane had assigned to A. McClelland all the residue of the fund belonging to him in the bank's possession. Subsequently, on the same day, the bank was garnished in a suit before a justice of the peace to collect a debt of $295.

In the garnishee proceedings in both suits appellant answered: "This bank holds an assignment of a certain contract between the city of Pueblo with said Lane, upon which I am informed and believe there is due, or to grow due, from said city about $2,300, for grading West Fourth St. in the said city. Said assignment was executed by said Lane on June 22nd, 1893, to secure to said bank all of said Lane's liabilities, amounting to $1,198.57 and interest. This bank was garnisheed by W. E. Doyle & Co., for $496.93; notified of an assignment of $500 by said Lane to Spratlen & Anderson, and all the balance due said Lane from proceeds of said contract to A. McClelland, garnisheed by H. S. Beatty for $295, and by A. McClelland for $300, all on July 19th, 1893, and in the order named."

In the case of Beatty v. Lane the justice of the peace entered judgment as follows: "The premises considered, the court adjudges that said plaintiff do have and recover of and from said defendant the sum of $295 and his costs, herein taxed at $———— It is further adjudged that said garnishee do pay to this court for the use and benefit of said plaintiff any proceeds arising out of said described contract, after deducting all liabilities, direct and indirect, from said Lane to said garnishee."

Appellant answered the complaint by alleging: *First*, that the pretended assignment to appellees was null and void; *second*, without consideration; *third*, that it never accepted the order; *fourth*, that appellees took the order back to Lane and it was destroyed and a new one made, which was not presented to appellant until 6:45 P. M., after the two writs of garnishment were served; *fifth*, that appellant at all times refused to accept any assignment or order drawn by Lane in favor of appellees.

Plaintiffs demurred to the answer of the defendant generally, that it did not state facts sufficient to constitute a defense; demurrer sustained, and defendants elected to stand upon its answer. Judgment for plaintiffs for $508.68, and an appeal by the defendant to this court.

Mr. GEORGE SALISBURY, for appellant.

Mr. JOHN R. DIXON, for appellees.

REED, P. J., delivered the opinion of the court.

This court must again protest against abstracts of the character of that filed in the present case. It is a mere index, and we are compelled to resort to the record for most of the important facts.

The judgment of the district court must be affirmed. Appellant was a bank engaged in business. Lane being indebted to it, assigned his entire claim against the city to it

—*first*, to secure the indebtedness; *second*, as his agent, to collect for him the entire claim, pay itself, and hold the balance to be disposed of as directed by him. The assignment was only for the amount of the indebtedness; the balance for collection. The amount of the claim against the city is said to have been $2,300; appellants claim against Lane $1,198.57; balance belonging to Lane $1,101.43; the Doyle attachment $496.93; balance after Doyle attachment $604.50. This was the condition of affairs on July 19th, when the order of Lane in favor of appellees for $500 was presented. The attachments of Beatty and McClelland were later in the day, and after the transfer of the $500 by Lane to appellees.

The sworn answer of appellant, as garnishee in the different proceedings, set up this condition and admitted the transfer of $500 to appellees from Lane, which it was to pay over. There was a full recognition of the transfer, its validity and the legal liability of the bank to pay the amount, which it could not subsequently change and invalidate.

It is clear that, so far as the excess over the indebtedness was concerned, appellant was only the agent or trustee to apply the money as ordered by Lane. The trust was accepted, and it was its duty to apply the money as ordered by Lane. It was not invested with any discretion or power of adjudicating between the different claimants, and if in doubt it could only await the decree of a competent court. The question of the legality of the transfer of $500 from Lane to appellees was entirely between them, and if challenged it could only be by rival claimants for the same fund. The residue, after payment of the indebtedness to the bank, was a specific trust fund. Of that fund $500 was assigned to appellees. That such a transfer was a legal and equitable assignment of so much of the fund, whether the fund was in hand or to be received, is well settled by authority. It was an assignment of the date of the order, and if the money was not in hand became operative when the money was received.

In *Christmas v. Russell*, 14 Wall. 84, it is said: "A bill of

exchange or a check is not an equitable assignment *pro tanto* of the funds of the drawer in the hands of the drawee. But an order to pay out of a special fund has always been held to be a valid assignment in equity and to fulfill all the requirements of the law." And that such an assignment is good at law, see Pom. Rem. and Rem. Rights, secs. 77 and 85 ; Drake on Att., secs. 527 and 528 ; 2 Wade on Att., sec. 537 ; *McDaniel v. Maxwell*, (Sup. Court of Oregon) 27 Pac. Rep. 952, where the almost identical question involved in this case received careful attention. See, also, *Trist v. Child*, 21 Wall. 441 ; *Christmas v. Russell, supra ; Lapping v. Duffy*, 47 Ind. 51 ; *Brill v. Tuttle*, 81 N. Y. 454 ; *Peugh v. Porter*, 112 U. S. 737 ; *Wright v. Ellison*, 1 Wall. 16 ; *Fordyce v. Nelson*, 91 Ind. 447 ; *Legro v. Staples*, 16 Me. 252.

Consequently, if appellant attempted to exercise any discretion or adjudicate the rights of rival claimants, and made a mistake, it must suffer the consequences. Its answer in this suit was at variance with its answer in the attachments, and it was bound by its answer in those. Neither of the matters set up in the answer were available to it as a disinterested custodian or agent, and could only be made available by some rival claimant to the same fund. It is clear that at the time of the transfer from Lane to appellees of the $500, it was subject to the disposition of Lane, and he having transferred it to appellees while he had legal right to do so, they became the owners; hence, any diversion of the fund by appellant was at its own risk. It follows that the district court properly sustained the demurrer to defendant's answer, and that the judgment must be affirmed.

*Affirmed.*