METZ MANF'G CO. *v.* HOLBECK.

1. APPEAL AND ERROR—RAISING QUESTION IN TRIAL COURT—GARNISHMENT—NECESSARY PARTIES.

Where, in garnishment proceedings, one of the grounds of defendant's motion for directed verdict was "that all of the proper parties to the fund or credits in dispute are not before the court, and therefore the court has no jurisdiction to pass upon the true ownership of the fund or credits in dispute," it was sufficient to raise the question of want of necessary parties.

2. GARNISHMENT—NECESSARY PARTIES—JURISDICTION.

Where proceeds of cattle sold were deposited in name of principal defendant's daughter, and were claimed by his wife, who was brought in under 3 Comp. Laws 1915, § 13149, but daughter was not brought in, court was without jurisdiction to determine ownership of fund for want of necessary parties.

Case-made from Wayne; Richter (Theodore J.), J. Submitted April 17, 1929. (Docket No. 140, Calendar No. 34,223.) Decided June 3, 1929.

Garnishment proceedings by Metz Manufacturing Company against Victor Holbeck and another, principal defendants, and Savings Bank of Caro, garnishee defendant, and Ora Holbeck, impleaded garnishee defendant. Judgment for garnishee defendant. Affirmed.

*Douglas, Barbour, Moll & Wing,* for plaintiff.

*George B. Murphy,* for impleaded garnishee defendant.

FELLOWS, J. By the disclosure and the answers to interrogatories, it appears *prima facie* that the bank, garnishee defendant, owed no sum to the de-

fendant Victor Holbeck against whom the judgment
ran in the principal suit; that it did owe his daugh-
ter, Marion E. Holbeck, $2,479.27; and that Ora Hol-
beck claimed this sum belonged to her. It also ap-
pears that this sum was the proceeds of cattle sold.
Ora Holbeck was brought in under 3 Comp. Laws
1915, § 13149, but Marion E. Holbeck was not. Upon
the trial of the statutory issue, it was claimed on
behalf of plaintiff that the cattle were the property
of Victor alone, that the proceeds of their sale were
subject to the garnishment proceedings, and that
any transfer or purported transfer of the farm and
stock upon it was in fraud of creditors of Victor and
void. While the proofs offered by Mrs. Holbeck to
establish the *bona fides* of the transfer of property
to her were not satisfactory, we are convinced there
was enough to take that question to the jury and to
sustain the verdict in her favor. Although some
serious questions arising upon the conduct of the
trial are present in the record, we are not persuaded
that we should decide them, as we conclude that the
trial judge should have directed a verdict for de-
fendant on the state of the record before us. As we
have noted, the proceeds of the sale of the cattle
were credited to the account of the daughter, Marion
E. Holbeck, and she was not made a party, and, as
we shall presently see, the title to this money could
not be determined under the statute in question
where there were adverse claimants to it, without
such adverse claimants being before the court.
Counsel for plaintiff urge that the question was not
properly raised in the court below, but the seventh
ground of defendant's motion for a directed verdict
was as follows:

"That all of the proper parties to the fund or
credits in dispute are not before the court and there-

fore the court has no jurisdiction to pass upon the true ownership of the fund or credits in dispute.''

Upwards of a year before the trial, defendant had moved to dismiss the garnishment proceedings, basing such motion on the same ground. While this ground is tied up with other grounds, some of which are more or less obscure, we think the question was raised in the trial court of a want of necessary parties.

The garnishee defendant has no interest in the controversy between the parties. He is but a stakeholder, and the statute in question aimed to protect him. When all the parties are brought into court, he may pay the money into court and be discharged ''from all liability to any party.'' Manifestly, this means any party to the case. Take the case in hand. The jury found, in a proceeding in which Marion E. Holbeck was not a party, that Ora Holbeck owned this money, and judgment was rendered accordingly. If the bank paid Ora this money on this judgment, would such payment bar a suit by Marion E.? Obviously not. She had not had her day in court. This statute, its predecessors and others of like purport have received consideration by this and other courts. *Lyon* v. *Ballentine*, 63 Mich. 97 (6 Am. St. Rep. 284), is directly in point. It was there held:

''It is true that, under this statute, the legislature has authorized the court in this proceeding, where it is properly commenced and the proper parties are before the court, to determine whether, under the provisions of the act, the garnishees' holding of the property shall not be held void as against the plaintiffs in the principal suit, even though it may be in good faith and valid between the garnishee defendants and the defendant in the principal suit; and to the extent that this may be done the proceeding must

be governed by equitable principles, and it never can be done in this proceeding, or any other, until all persons, whether natural or artificial, who have substantial interests in the property, have been in some manner properly brought before the court.''

See, also, *Kennedy* v. *McLellan,* 76 Mich. 598; *Button* v. *Trader,* 75 Mich. 295; *Muncey* v. *Sun Insurance Office,* 109 Mich. 542; *Anderson* v. *Breitenwischer Auto Co.,* 244 Mich. 373; *Johnson* v. *Thayer,* 17 Me. 401; *Mansfield* v. *Stevens,* 31 Minn. 40 (16 N. W. 455); *Guilford* v. *Reeves & Co.,* 103 Ala. 301 (15 South. 661); 12 R. C. L. p. 858; 28 C. J. p. 376.

In Ruling Case Law it is said:

"If the answer of the garnishee shows that a third person claims the debt or some interest therein, such third person should be cited to appear, and it is error for the court to order judgment against the garnishee until the claimant is duly cited and made a party; unless this be done, the rights of such claimant cannot be barred or affected by the judgment."

And Corpus Juris says:

"Where interpleader of adverse claimants is authorized, not only is plaintiff a proper party to initiate it, but it is his duty to do so, under penalty, in case of his, plaintiff's, failure so to bring in the claimant, of seeing the garnishee discharged. But, where a disclosure of adverse claims by the garnishee is a condition precedent to the right to interplead the claimants, plaintiff cannot make the requisite disclosure where the garnishee does not. Nor, in the absence of a proper disclosure of a claim, can the garnishee force plaintiff to cite in the claimant."

We rest decision on the ground that the proper and necessary parties were not before the court, and, so resting it, we affirm the judgment.

North, C. J., and Fead, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.