FIRST NATIONAL BANK IN MOUNT CLEMENS *v.* CROMAN.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—OPENING OF SAFE DEPOSIT BOX LEASED TO PRINCIPAL DEFENDANT'S WIFE.

Propriety of vacation of order whereby lessee of safe deposit box had been interpleaded in garnishment proceedings against her husband, the principal defendant, who had been appointed her agent under written instrument authorizing him to have access to, and exchange the contents of, the box and to renew lease or surrender box and keys, and safe deposit company, as garnishee defendant, not being before Supreme Court for review, question before court for review was whether or not trial court had jurisdiction to enter order directing that such box be opened (3 Comp. Laws 1929, § 14884).

2. GARNISHMENT—SAFE DEPOSIT BOX—PARTIES.

Assuming a court might have authority in garnishment proceedings to reach the contents of a safe deposit box leased in the sole name of the principal defendant, where box is leased to the principal defendant's wife who was not a party to the proceedings the court would have no such authority even though the husband had a right of access under written authority to safe deposit company, the garnishee defendant.

3. BANKS AND BANKING—SAFE DEPOSIT BOXES—PRESUMPTIONS—PARTIES.

It is to be presumed that a lessee of a safe deposit box has property therein and that it has been placed there for the owner's protection and such status may not be disturbed in court proceedings to which the lessee is not a party.

4. GARNISHMENT—PARTIES—SAFE DEPOSIT BOX.

Remedy of plaintiff in garnishment proceedings wherein it was sought to reach the contents of a safe deposit box leased to wife of principal defendant was appeal from order dismissing her as a party after she had been interpleaded, as property rights of persons who are not before the court may not be adjudicated and fact that it was on her own motion she was dismissed is immaterial.

5. SAME—JUDGMENT—TITLE OF PROPERTY—PARTIES.

   In garnishment proceedings, a plaintiff may not proceed to valid judgment as to title of funds or property sought to be reached except as all necessary parties are actually or constructively before the court or have been served with process and regularly defaulted.

Appeal from Macomb; Spier (James E.), J. Submitted January 11, 1939. (Docket No. 69, Calendar No. 40,296.) Decided April 4, 1939.

Garnishment proceedings by First National Bank in Mount Clemens against Joseph M. Croman, Jr., principal defendant, and Safe Deposit Company of Detroit, a Michigan corporation, garnishee defendant. Madeline Croman was first interpleaded as a defendant and on her motion dismissed as such defendant. Judgment for garnishee defendant. Plaintiff appeals. Affirmed.

*Edwin C. Ide,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (John G. Garlinghouse,* of counsel), for garnishee defendant.

NORTH, J. Plaintiff, being a judgment creditor of defendant, Joseph M. Croman, Jr., in the amount of $3,600, garnisheed the Safe Deposit Company of Detroit. This garnishee defendant by its disclosure denied that it was indebted to, or had any property, et cetera, in its possession belonging to, the principal defendant; but it further disclosed that it had rented a safe deposit box to defendant's wife, Madeline Croman, that simultaneously she designated as her deputy the defendant, and that he had access to the rented box. The garnishee defendant disclaimed any knowledge of the contents of the box or to whom they belonged. In response to filed interrogatories, the garnishee defendant produced

a copy of the safe deposit box lease and a copy of the appointment of Joseph Croman, Jr., as deputy. The lease contained the following:

"The lessee or lessees may designate, upon a form provided by the company and duly executed, a deputy or deputies to have access to and control of the contents of the safe deposit box with power to surrender and/or exchange the same."

The instrument whereby Madeline Croman appointed Joseph Croman, Jr., as her deputy, authorized him to have access to and to change the contents of the safety deposit box, to exchange the box, to renew the rental contract, and to surrender the same together with the keys, and to perform "all things which said company or its agents may deem necessary and require in and about the premises, as fully to all intents and purposes as I (Madeline Croman) might or could do if personally present." This appointment of the deputy was revocable; and as a matter of fact it was revoked about one month after service of the writ of garnishment herein.

After the garnishee defendant had made its disclosure, on plaintiff's petition an order interpleading Madeline Croman was entered. 3 Comp. Laws 1929, § 14884 (Stat. Ann. § 27.1882). Notice was served on her. She entered a special appearance and moved to vacate the order whereby she had been interpleaded. Among the reasons assigned in support of her motion were the following:

"That there is no statute of the State of Michigan authorizing such procedure.

"That said order was entered upon a petition which was defective, inadequate and insufficient for this court to make such order.

"That the statute applicable to the interpleading of third parties to garnishment proceedings is in-

applicable to the instant proceedings for the reason that there is no disclosure by the above-named garnishee defendant that it has now or ever did have any funds, moneys, chattels or effects whatsover in its hands or under its control belonging to the above named principal defendant, in which said Madeline Croman claims any interest.''

Without specifying his reason for so doing, the circuit judge who heard this motion vacated his former order whereby he had interpleaded Madeline Croman. Thereafter plaintiff served notice on the garnishee defendant of the following motion:

''That the safe deposit box No. 1833-C, the subject matter of this trial, May 24, 1938, be opened on a day certain in the presence of the plaintiff, the defendant and the garnishee defendant, with such other provisions and precautions as the court deems fit, to safeguard the interests of all concerned.

''This motion is based on the files and records of this cause, and the evidence to be introduced at the trial scheduled for Tuesday, May 24, 1938.''

This motion was considered by the court incident to hearing the garnishment issue. No testimony was offered by either party. After hearing the parties, the circuit judge, Hon. James E. Spier, who had taken no part in the interpleading proceedings, entered judgment against plaintiff and recited therein that he found the garnishee defendant was not indebted to the principal defendant, that it did not have in its possession or under its control any property, et cetera, belonging to the principal defendant; and the court further found:

''That the safe deposit box rented by the garnishee defendant to one Madeline Croman, referred to in the disclosure of the garnishee defendant, is not subject to garnishment in this cause.''

While not specifically so stated, clearly the court's ruling was a denial of plaintiff's motion to open the safe deposit box.

Plaintiff moved for a new trial of the garnishment issue and assigned several reasons in support thereof, among which were:

"That the court was in error in holding that said safety deposit box and the contents thereof were not subject to garnishment under the facts disclosed.

"That the trial court was in error in not holding that Madeline Croman had waived all interest in or right to claim interest in the contents of said box by moving to dismiss the order of interpleader when she should have claimed the contents of said box, if same in fact belonged to her."

The motion for a new trial was denied. Leave having first been obtained, plaintiff has appealed.

The question of the propriety of vacating the order whereby Madeline Croman was interpleaded in this garnishment proceedings is not before us for review. She was fully discharged as a party to this litigation before the garnishment issue was brought on for hearing; and all we have for review is the judgment entered against plaintiff in a garnishment proceedings to which Madeline Croman was not then a party. Under the circumstances the controlling question for decision is properly stated in appellee's brief as follows:

"Where the wife of the principal defendant had been dismissed as an interpleaded defendant in the garnishment action, and was not a party to the suit, did the trial court have jurisdiction to enter an order directing that the safe deposit box rented by the garnishee defendant to the wife of the principal defendant be opened?"

While there are adjudications to the effect that, in the absence of applicable statutory provisions,

the contents of a safe deposit box are not subject to garnishment, for the purpose of deciding the above question we may assume (without so holding), as the trial judge held, that garnishment will reach the contents of a safe deposit box which is leased in the sole name of the principal defendant. But in the instant case we have a contract for the use of the safe deposit box and also a supplemental instrument by which a second person is given the full right to use the safe deposit box jointly with the lessee. As a result, the principal defendant and his wife, Madeline Croman, each had the individual right to use this box. Under such circumstances, we think it must be held that the court, in the garnishment proceedings to which Madeline Croman was not a party, did not have the right to reach the contents of the box. Dire results could obviously follow a holding that she was not a necessary party to such a proceedings. If A and B each have the right to use a safe deposit box and the box were to be opened in a garnishment proceeding against A but to which B was not a party, upon discovering ample funds contained in the box A might willingly have his judgment debt paid notwithstanding the money so found was the individual property of B. True it is that upon the opening of the box B might be summoned as a witness and his claim to the contents, if any, developed. But we think it would be highly improper for the court to adjudicate the ownership of the contents of the box in a proceedings to which one of the parties having the contract right to use it was not a party and upon whom, therefore, the court's adjudication would not be binding. Under such circumstances even the garnishee defendant would not be protected, by the judgment rendered, against a subsequent claim of the one who was not a party to the proceedings. *Metz Manf'g Co.* v. *Hol-*

*beck,* 247 Mich. 241. In the cited case, we held under our garnishment statute that where a third party made claim to the funds garnisheed, such claimant was a necessary party and without her being made a party the court was without jurisdiction. On this phase of the law see *Shank* v. *Lippman,* 249 Mich. 22; *Darst* v. *Awe,* 235 Mich. 1, and *Anderson* v. *Breitenwischer Auto Co.,* 244 Mich. 373. Opening the box in a proceedings to which Madeline Croman was not a party, and without her consent, would have been in violation of her rights. It is to be presumed that a lessee of such a box has property therein and that it has been placed there for the owner's own protection. The right to have this status preserved should not be violated by a court in a proceedings to which such lessee is not a party.

At no time when she was before the court did Madeline Croman disavow having property rights in the contents of the safe deposit box. Plaintiff's position is not bettered by reason of Madeline Croman's dismissal having been made on her own motion. The legal situation is the same as though a principal defendant, who was a necessary party, had been improperly dismissed. A plaintiff in such a case could not proceed to judgment. Instead his remedy would be an appeal from the erroneous dismissal. It is not possible to render a valid judgment in a proceedings of this character except all necessary parties are actually or constructively before the court or have been served with process and regularly defaulted. *Metz Manf'g Co.* v. *Holbeck, supra.*

Judgment entered in the circuit court is affirmed, costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.