J. K. MANSFIELD *vs.* A. L. STEVENS, Defendant, and AMERICAN FIRE INSURANCE COMPANY, of Philadelphia, Garnishee.

July 13, 1883.

**Garnishment—Insurance Policy issued to Mortgagor, payable to Mortgagee.**—Where, in a policy of insurance, the amount recoverable in case of loss is made payable to mortgagee as his interest may appear, the same must to that extent be deemed already appropriated for the payment or security of the mortgagee, and not subject to garnishment by the creditors of the mortgagor.

**Same—Disclosure showing Debt due a Third Person, not appearing as Claimant.**—And where the evidence, upon the disclosure of a garnishee, shows that the debt sought to be garnished is payable to a third person, and not to the defendant in the principal action, the disclosure itself is sufficient to protect the garnishee, and it devolves upon the plaintiff to bring in such party if he desires to test the validity of his claim.

The plaintiff, having recovered judgment against the defendant in the district court for Ramsey county, instituted garnishment proceedings, seeking to reach the sum of $2,500 as owing to defendant and another jointly by the garnishee as the adjusted loss under a policy of fire insurance. A disclosure having been made by the garnishee, showing the facts stated in the opinion, and an order having been made by *Brill*, J., discharging the garnishee, plaintiff appeals from an order refusing to vacate and set aside such order.

*Harvey Officer*, for appellant.

The mortgagee made no application to be made a party to the suit before the officer who took the disclosure, and his claim, if any, as against the lien of garnishment, is barred. Gen. St. 1878, *c.* 66, § 174; *Donnelly* v. *O'Connor*, 22 Minn. 309.

*Chas. D. Kerr*, for respondent.

VANDERBURGH, J. The subject of garnishment herein is the alleged interest of the defendant Stevens in a claim of $2,500 against the garnishee on account of an insurance policy issued to Stevens and Sears upon a building owned by them jointly, and which had been destroyed by fire, at which amount the loss had been adjusted, subject to the approval of the general agent of the company, at the time of the disclosure.

It will be necessary to consider but a single point in the case. It indisputably appeared, as a part of the disclosure, that the property insured had been mortgaged to one Smieding, to secure the sum of $4,000, and that $2,000 thereof and interest was overdue when the loss occurred, the whole still remaining unpaid when the disclosure was made; and that, in pursuance of a covenant in the mortgage requiring such insurance, the insurance policy in question contained the following provision: "Payable in case of loss to Henry Smieding, mortgagee, as his interest may appear." The mortgagee did not apply to be made a party, nor did he appear, except specially, by the same attorney who also represented the defendant, to join in a motion to dismiss the proceedings and discharge the garnishee, which motion was granted.

By the stipulation in the policy providing for payment to the mortgagee, the amount was already appropriated for the payment or se-

curity of the mortgagee; and, his interest being shown to be still subsisting, and to exceed the amount of the claim, it became evident that there was nothing due from the garnishee to defendant subject to garnishment by plaintiff. Where the evidence shows that the debt is payable to a third party, and that the defendant is not entitled to it, the disclosure itself is sufficient to protect the garnishee, and he is entitled to be discharged, unless further proceedings by plaintiff are allowed to be taken under the statute to bring in such party, in order to test the validity of his claim. In *Donnelly* v. *O'Connor*, 22 Minn. 309, the interest of a third party claimant in a debt, which, but for his claim, was due to the defendant, did not appear; and in *Williams* v. *Pomeroy*, 27 Minn. 85, the interest of such party was, in the first instance, "suggested," not proved. But in this case the policy, which is made a part of the disclosure and which is the basis of the claim, shows upon its face that it is intended for the indemnity of the mortgagee, and the character and extent of his interest are clearly shown.

The motion to discharge the garnishee was properly granted, and the order should be affirmed.