BRUNSWICK GAS LIGHT COMPANY *vs*. JOHN H. FLANAGAN.
BRUNSWICK VILLAGE CORPORATION, Trustee.

Cumberland.    Opinion February 3, 1896.

*Trustee Process.    Claimant.    Parties.*

Where the trustee disclosed $3120.12 in his hands, but that he had become liable to other parties, on account thereof for $3327.25, who severally claim to hold adequate portions of the same under assignments, etc., from the principal defendant; and the claimants have neither been cited, nor do they voluntarily appear, *held;* the rights of the latter cannot be adjudged adversely to them when not before the court and the trustee should, therefore, be discharged.

ON EXCEPTIONS.

This was an action of trespass on the case brought in the Superior Court, for Cumberland county, against the defendant for damages done to plaintiff's property and the Brunswick Village Corporation was summoned as trustee. The trustee filed a disclosure. At a hearing before the court, the plaintiff claimed to hold the trustee on its disclosure because the balance due the defendant, according to the disclosure, was a liquidated amount in the possession of the trustee, and although not payable till a future time, yet it was an ascertained and fixed sum subject to no conditions such as would bar the plaintiff from securing the same, or a part thereof, on his attachment.

. The plaintiff further contended that the orders and the assignment that appear in the disclosure were void as against this plaintiff, because said orders and assignment are ultra vires the committee of the trustee to accept under the contract between said trustee and this defendant; that the orders and assignment were manifestly a tentative effort on the part of the committee of the trustee to cover up and shield the said balance in their

hands against such claims as had been provided for in said original contract between said defendant and the Brunswick Village Corporation, and therefore void.

The court overruled the points made by plaintiff and ordered the following entry : "Trustee discharged with costs."

To all which rulings and refusals to rule the plaintiff took exceptions.

*George E. Hughes*, for plaintiff.
*Barrett Potter*, for trustee.

SITTING : PETERS, C. J., WALTON, FOSTER, HASKELL, WISWELL, STROUT, JJ.

HASKELL, J. The trustee discloses in its hands $3120.12, being twenty per cent of the contract price retained as security for the completion of the same ; $1500 of this is held by a trustee under an assignment for the benefit of defendant's contract creditors, who had become parties to the assignment; *Pleasant Hill Cemetery* v. *Davis*, 76 Maine, 289 ; $827.25 more is held by the payee of an order accepted by the trustee, and $1000 upon still another order, also duly accepted. All these sums aggregate $3327.25, or $207.13 more than the sum in the trustee's hands, and, therefore, he was properly discharged below. *Jenness* v. *Wharff*, 87 Maine, 307.

Moreover, the plaintiff has elected to proceed with his case without making the claimants of the fund parties to the suit, and, therefore, cannot adjudicate their rights adversely to them. *Jordan* v. *Harmon*, 73 Maine, 259.

The word "charged" in *Haynes* v. *Thompson*, 80 Maine, 128, line eleven from the top of the page, is a misprint. It should be discharged. The context corrects the error. The correct reading is—Ordinarily, the burden rests upon trustees to clear themselves from being charged. *Barker* v. *Osborne*, 71 Maine, 69 ; *Toothaker* v. *Allen*, 41 Maine, 324. So when they disclose a sum due the defendant and an assignment of the same, unless the assignee is summoned, or voluntarily appears and claims the fund, they (the trustees) must be discharged. R. S., c. 86, § 32. But

when the assignee does appear and claims the fund, the burden rests upon him to establish his claim. *Thompson* v. *Reed*, 77 Maine, 425.

*Exceptions overruled.*