(50 South. 407.)

No. 17,643.

EDWARD THOMPSON CO. v. DURAND.

In re EDWARD THOMPSON CO.

(June 14, 1909. Rehearing Denied Oct. 6, 1909.)

1. GARNISHMENT (§ 162*)—PROPERTY SUBJECT.

The garnishment proceeding was directed against whatever funds of the defendant debtor the garnishee had in his hands.

[Ed. Note.—For other cases, see Garnishment, Dec. Dig. § 162.*]

2. GARNISHMENT (§ 162*)—ANSWER—DEFENDANT NOT A PARTY.

The answer of the garnishee was that he had no funds for the defendant; that he had funds for a corporation of which the defendant is the asserted president.

[Ed. Note.—For other cases, see Garnishment, Dec. Dig. § 162.*]

3. GARNISHMENT (§ 162*) — ANSWER — EVIDENCE.

As the garnishee disclosed for whose account he held the funds, it was incumbent upon the judgment creditor to prove contradictorily that the defendant (judgment debtor) is the owner.

This was done.

[Ed. Note.—For other cases, see Garnishment, Dec. Dig. § 162.*]

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Iberia.

Garnishment by the Edward Thompson Company against W. J. Durand. Judgment for defendant was affirmed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Rule nisi recalled, and petition dismissed.

Weeks & Weeks, for applicant. Burke & Burke and Ventress J. Smith, for garnishee.

BREAUX, C. J. This is a garnishment proceeding instituted in aid of the collection of a judgment.

The case is before us on a writ of review.

In matter of this writ of garnishment, interrogatories were filed calling upon the People's National Bank of New Iberia to answer if the defendant, Walter J. Durand, had cash to his credit in bank.

The answer of the cashier of the bank was that it had no cash to his credit; that there is cash to the credit of W. J. Durand, president of the Louisiana Auto Club, to wit, the sum of $432.23, and also a note, which the bank holds as collateral security, for an amount of $170.

To the end of traversing the answers of the garnishee, plaintiff filed a motion. The grounds of this motion were that the funds were W. J. Durand's, and that the company of which he asserted he is the president was a corporation in name only; that it had no existence.

The garnishee interposed an exception, and averred that the question which plaintiff sought to open in this case could not thus be brought before the court; that the bank held the money for account of W. J. Durand, President, and not for account of W. J. Durand.

Although the court maintained this exception on the point just stated, evidence was heard on the rule to traverse.

The cashier of the bank testified, in support of his answer before mentioned, that the defendant opened an account with it in the name of the Auto Club, W. J. Durand, President; that the president drew against the account in bank as president; that he, the cashier, did not have authority to charge a check of defendant personally to the Louisiana Auto Club.

There were checks drawn by Durand personally. They were charged to the company. His attention was called to the fact that a few of these checks had been signed by him personally, and he was advised that a change had been made by adding "President" to his name.

A witness who sold electrical supplies to the defendant testified that the entry in his books was in the name of defendant individually. He did not recall whether the check he received from this defendant was signed by him individually or as president.

The deputy clerk of court testified that there was no charter of incorporation recorded and that he knew nothing of an incorporated Louisiana Auto Club.

Another witness, who had been employed by defendant as stenographer, testified that he obtained a judgment against the defendant personally, and recovered an amount due him for services rendered as stenographer. He stated that when he was employed defendant had mentioned something about "his people," referring, as we understand, to members of the incorporation in New York.

Another witness, an attaché of a newspaper, stated that he dealt with the defendant as president of the company.

We have not found in this testimony positive evidence of the mythical character of the corporation, nor is there evidence showing that there ever was such a corporation.

As against the garnishee, it must be made to appear, in order to recover a judgment, that he is indebted to the defendant.

The bank denies indebtedness to the defendant debtor.

We are not of the opinion, with the proof before us, that we should hold the garnishee's answer as untrue despite the sworn denial.

It may be that the corporation is a mythical corporation, and that a mere name was used by the depositor. None the less, the deposits have been made in the name of the company. Until it is proven that the name is fictitious, we do not think that the bank should be held liable as garnishee.

The cashier, as before stated, testified that the money was deposited by the company.

The plaintiff in garnishment contested the answer of the garnishee as not true. The onus was with him of proving indebtedness as charged. His claim is that W. J. Durand owned the amount. The cashier's answer was in the negative.

He might have avoided making the negative reply, but, by testifying as he did, he did not thereby assume the burden of proof. It still remained for the plaintiff to prove that the defendant is the debtor, and to prove all that is necessary in order to hold the garnishee.

The liability of the garnishee must clearly appear.

Until it is made evident that the amount is due by W. J. Durand, the liability does not clearly appear.

Moreover, the garnishee disclosed in whose name the money was deposited.

Plaintiff did not proceed against the asserted party. It was for plaintiff to make Durand a party individually, and to prove that he is not the president of the company of which he asserts he is.

The debtor was not placed under oath, as he might have been; nor does it appear, as we are informed, that the creditors went far enough to shift the onus of proof from them to the garnishee.

We will refer to decisions in other jurisdictions, not as controlling, but as announcing the rule regarding the necessity of making parties.

The trustee who receives money with notice that it belonged to another is not chargeable for the money so received. Cram v. Shackleton, 64 N. H. 44, 5 Atl. 715.

In another decision it was held, where the evidence upon the disclosure of a garnishee shows that the debt sought to be garnished was payable to a third person, and not to defendant in a principal action, the disclosure itself is sufficient to protect the garnishee, and it devolves upon plaintiff to bring in such party, if he desires to test the validity of the claim. Mansfield v. Stevens, 31 Minn. 40, 16 N. W. 455.

The right of a party not before the court cannot be legally disposed of. Brunswick

Gaslight Co. v. Flanagan, 88 Me. 420, 34 Atl. 263.

For reasons assigned, the rule nisi is recalled, applicant's demand is denied, and its petition is dismissed, at its costs.