ST. PAUL, J.
 

 Plaintiffs brought suit by attachment against defendant, a nonresident, and made C. P. Ellis & Co. garnishee. The garnishee answered that it had no funds in its hands belonging to defendant, and was not .indebted to him in any sum whatsoever.
 

 It admitted however that:
 

 “It carries on its books an account entitled
 
 Barrett £ Oo., Ino.,
 
 %
 
 B. P. Bolee,
 
 for the purchase and sale of cotton future contracts; which account at present stands with a ledger credit balance of $1,157.12. Said account was initiated by orders from, and upon the sole responsibility of, Barrett & Co., Inc., of Augusta, Ga., and has always been handled and conducted wholly as the account of the said Barrett & Co.; Inc., from whom all sums due themselves have been received, and to whom all sums owing have been paid. Garnishee has never had any dealings whatsoever with the E. P. Hoke mentioned as defendant in the plaintiff’s petition, and avers that the use of the name E. P. Hoke in connection with the account of Barrett & Co., Inc., on garnishee’s books was merely to assist said Barrett & Co., Inc., in its bookkeeping, and in no way constituted any acknowledgment of indebtedness on the part of garnishee to any one other than said Barrett & Co., Inc. Garnishee further avers that the aforementioned balance is due by it to said Barrett
 
 &
 
 Co., Inc., and subject- solely to their order.”
 

 II.
 

 Thereupon plaintiffs moved for a judgment against the garnishee for $1,157.12, on the ground that from the answers of the garnishee it appears that garnishee, has in its possession $1,157.12 belonging to defendant; that said answers show unmistakably that the aforesaid credit of $1,157.12 is the property of B. P. Hoke, the disclosed principal of said Barrett & Co., Inc., and of no one else.
 

 But the trial judge thought that the answers of the garnishee did not amount to an admission of any debt to defendant E. P. Hoke, and dismissed the rule.
 

 III.
 

 The law is that, where the answers of the garnishee are not traversed and disproved, the extent of his liability is to be tested solely by his said answers. Flash v. Norris, 27 La. Ann. 93, citing Oakey v. Miss. & Ala. R. Co., 13 La. 570. And it is only where the answers of the garnishee are an unconditional and unqualified confession of indebtedness to the defendant that judgment can be taken
 
 pro confesáis
 
 against him, the garnishee. David v. Rode, 35 La. Ann. 961; that is, in other words, the liability of the garnishee to the defendant must then clearly appear from his said answers. Edward Thompson Co. v. Durand, 124 La. 381, 50 So. 407.
 

 But, since the answers of the garnishee, as given above, are clearly not an unconditional and unqualified confession of indebtedness to the defendant, but, on the contrary, a distinct and unequivocal denial of any indebtedness whatever to defendant, it follows that the question here is whether it clearly appears none the less, from said answers, that the garnishee is liable to the defendant for $1,157.12, because said answers clearly and unmistakably show that the balance to the credit of the account entitled
 
 *1001
 

 Barrett & Co., Inc., a/c E. P. Hoke,
 
 is the property of said E. P. Hoke as the disclosed principal for whom Barrett & Co. were acting.
 

 IV.
 

 We do not think so. The answers of the garnishee do not show, and probably the garnishee does not even know, what are the relations existing between Barrett & Co. and the defendant, and what may be the state of the account between them. And yet the state of the general account between them is of prime importance in determining whether defendant has any claims to said balance; for the balance aforesaid was subject to the control of and belonged primarily to, Barrett & Co.; and, if on general account defendant owed Barrett & Co. as much or more than the amount of said balance, then defendant had no possible claim upon the same. And Barrett & Co. are certainly entitled to be heard before a balance standing to their credit and subject to their control be taken away from them and adjudged to another or to his creditors. Edward Thompson Co. v. Durand, 124 La. 381, 50 So. 407, citing Mansfield v. Stevens, 31 Minn. 40, 16 N. W. 455.
 

 And nothing hereinabove said conflicts with the well-settled principle that money or property which can be identified as belonging to one person may be recovered by him or reached by his creditors, even though found in the possession or standing in the name of another; for the question here is simply whether or not the answers of this garnishee do themselves clearly show that the balance in its hands belongs to defendant and not to Barrett & Co.
 

 V.
 

 We are referred to Norman Mayer & Co. v. Bodenheim, 14 Orleans App. 283, in which an account with a cotton broker entitled
 
 A. J. Carriere, a/c G. A. Boctenheim,
 
 was found as a fact to be the account of Bodenheim and not of Carriere. It is true the court attached much weight to the fact that the account was entitled “a/c G. A. Bodenheim,” but that was not the only circumstance on which the court reli.ed; for the answers of the broker (garnishee) indicated that the account was carried in the name of Carriere only for the purpose of entitling said Carriere to a “rebate” on the broker’s commissions, as required by the rules of the Cotton Exchange, and the court also found that a sum in excess of the balance to the credit of said account had been paid into it “presumably by Bodenheim” himself, and not by Carriere.
 

 But, in any event, the court seems to have missed entirely the point made by the garnishee that all further proceedings should be stayed until Carriere be made a party; whereas this court has, in Edward Thompson Co. v. Durand, supra, 124 La. 381, 50 So. 407, approved the doctrine announced in Mansfield v. Stevens, supra, 31 Minn. 40, 16 N. W. 455, that:
 

 “Where the evidence, upon the disclosure of a garnishee, shows that the debt sought to be garnisheed is payable to a third person, and not to the defendant in the principal action, the disclosure itself is sufficient to protect the garnishee, and it devolves upon the plaintiff ■ to bring in such party if he desires to test {he validity of his claim.”
 

 VI.
 

 Hall v. Marston, 17 Mass. 575, has no application here. It merely states a well-settled general principle of law that, where one person has in his hands the money of another, the law implies an obligation to pay it over, even though he may have had no direct contractual relations with that other. And the facts of that ease were that the defendant had received from one Bradford some $200, with instructions to pay it to plaintiff, and, instead of doing so, had atteinpted to apply the money so received on
 
 *1003
 
 a debt due him by Bradford. The court held that he had received the money burdened with a trust in favor of plaintiff, and that plaintiff could recover the amount the facts being proved.
 

 We think the trial judge did not err.
 

 Decree.
 

 Tjie judgment appealed from is therefore affirmed.