No. 3475

Second Circuit

SMITH v. McCALL ET AL.

(May 8, 1929.   Opinion and Decree.)
(July 1, 1929.   Rehearing Refused.)

Ellis, Ellis & Hunt, of Rayville, attorneys for plaintiff, appellee.

Munholland & Munholland, of Monroe, attorneys for defendants, appellants.

REYNOLDS, J.   By this action plaintiff, Jodie B. Smith, sought to recover judgment against defendant, S. H. McCall, for $454.98, with interest thereon at the rate of 8 per cent per annum from March 1, 1926, until paid, with 10 per cent on the amount of principal and interest, as attorney's fees, less a credit of $75.59 as of October 1, 1926, being the amount owing on a promissory note signed by S. H. McCall for $454.98, dated March 1, 1926, drawn payable to the order of C. V. Hunt on October 15, 1926, bearing interest at the rate of 8 per cent per annum from its date until paid, and stipulating for the payment of 10 per cent as attorney's fees if placed in the hands of an attorney for collection, and indorsed by plaintiff, J. B. Smith, and on which note $75.59 was paid on October 1, 1926, and which note he (J. B. Smith) was compelled to pay because of his indorsement.

Under proper allegations and bond he procured the issuance of a writ of attachment against the property of defendant S. H. McCall.

And he alleged:

"That petitioner believes that the Macon Ridge National Bank, a banking corporation domiciled and doing business in the

town of Delhi, your said parish and state, is indebted unto said S. H. McCall, or unto Hattie McCall, wife of the said S. H. McCall, who is in community with her said husband, or has property or effects in its possession or under its control belonging to the said S. H. McCall or his wife Hattie McCall. Petitioner desires that the said Macon Ridge National Bank be made garnishee herein and required to answer categorically and under oath the annexed interrogatories."

And he propounded to the garnishee the following interrogatory:

"Were you, at the time of the service of these interrogatories or at any time since, indebted or obligated to S. H. McCall, or to Hattie McCall for anything or for any sum whatsoever, in consequence of any deal or transaction of any kind or character; you being required to make a full and complete disclosure, giving amount, description, and any other information you may have of such transaction."

And he prayed judgment against the defendant for the debt claimed, and that the writ of attachment be sustained, and that the garnishee be required to answer the interrogatories, and that his privilege on the property seized, resulting from the issuance and levy of the attachment, and on the money, property or effects in the possession of the garnishee, by reason of the garnishment, be recognized, and that his judgment be satisfied out of the same by preference over all other creditors of the defendant.

The garnishee answered that:

"S. H. McCall had no money to his credit or any rights or other property in custody of this bank at the time of service of the interrogatory. That Hattie McCall, wife of S. H. McCall, had to her credit the sum of $800.00 at the time of service of the interrogatory.

"At the time of the service of these interrogatories, nor at any time since, nor now, is Macon Ridge National Bank obli- gated to S. H. McCall for anything or for any sum whatsoever. That Hattie McCall has to her credit the sum of $800.00 at the time of answer to this interrogatory."

Mrs. Hattie McCall bonded the seizure of the $800.

She also filed an exception, wherein she alleged that she had been served with copy of the petition and citation in the case and of the writ of attachment and of the interrogatories propounded to the garnishee, and that no cause of action against her was stated therein, and she prayed to be dismissed from the suit.

The exception was overruled.

The garnishee also filed an exception, wherein it alleged that the money in its possession to the credit of Mrs. McCall was not subject to seizure under process against her husband, and it asked that the writs of attachment and garnishment be dissolved or recalled as to it.

The exception was overruled.

The defendant, S. H. McCall, having been served and cited, and having failed to answer, judgment by default was entered against him and afterwards was duly confirmed, and judgment was rendered against him for the amount of the principal, interest, and attorney's fees sued for, and sustaining the writs of attachment and garnishment, and ordering the garnishee to pay over to plaintiff out of the money in its possession to the credit of Mrs. McCall an amount sufficient to satisfy the judgment against S. H. McCall.

From this judgment, both the garnishee and Mrs. McCall appealed.

## OPINION

The question to be determined is whether money on deposit in bank to the credit

of a married woman can be seized by garnishment process against the bank in an action against her husband to which she is not made a defendant either before or after answer by the garnishee that it had no money on deposit to the credit of the husband, but had a named sum on deposit to the credit of the wife.

The answer of the garnishee to the interrogatories propounded to it were categorical and positive that:

"S. H. McCall had no money to his credit or any rights or other property in custody of this bank at the time of service of the interrogatory."

But that:

"Hattie McCall, wife of S. H. McCall, had to her credit the sum of $800.00 at the time of service of the interrogatory."

This answer was verified by the oath of the president of the garnishee, and its truthfulness was not traversed by plaintiff.

"The law is that, where the answers of the garnishee are not traversed and disproved, the extent of his liability is to be tested solely by his said answers. Flash v. Norris, 27 La. Ann. 93, citing Oakey v. Miss. & Ala. R. Co., 13 La. 570. And it is only where the answers of the garnishee are an unconditional and unqualified confession of indebtedness to the defendant that judgment can be taken pro confessis against him, the garnishee. David v. Rode, 35 La. Ann. 961; that is, in other words, the liability of the garnishee to the defendant must then clearly appear from his said answers. Edward Thompson Co. v. Durand, 124 La. 381, 50 So. 407." Airey & Stouse v. Hoke (C. P. Ellis & Co., Garnishee) 164 La. 998, 115 So. 60.

In the case quoted from, the garnishee answered that it was not indebted to the defendant and had no funds in its possession belonging to him, but that:

"It carries on its books an account entitled Barrett & Co. Inc., a/c E. P. Hoke, for the purchase and sale of cotton future contracts, which account at present stands with a ledger credit balance of $1,157.12. * * *"

The plaintiff thereupon moved for judgment against the garnishee for the amount it admitted to have in its possession, on the ground that the answer unmistakably showed that the credit was the property of the defendant. The trial court refused to take this view of the answer and denied the motion, and the Supreme Court, sustaining the ruling, said:

"But, since the answers of the garnishee, as given above, are clearly not an unconditional and unqualified confession of indebtedness to the defendant, but, on the contrary, a distinct and unequivocal denial of any indebtedness whatever to defendant, it follows that the question here is whether it clearly appears none the less, from said answers, that the garnishee is liable to the defendant for $1,157.12, because said answers clearly and unmistakably show that the balance to the credit of the account entitled Barrett & Co., Inc., a/c E. P. Hoke, is the property of said E. P. Hoke as the disclosed principal for whom Barrett & Co. Inc. were acting. We do not think so. The answers of the garnishee do not show, and probably the garnishee does not even know, what are the relations existing between Barrett & Co., Inc. and the defendant, and what may be the state of the account between them. * * * And Barrett & Co., Inc., are certainly entitled to be heard before a balance standing to their credit and subject to their control be taken away from them and adjudged to another or to his creditors * * *"—citing Edward Thompson Co. v. Durand, 124 La. 381, 50 So. 407, and Mansfield v. Stevens, 31 Minn. 40, 16 N. W. 455.

In the former case, the plaintiff, Edward Thompson Company, garnisheed the People's National Bank of New Iberia as the debtor of the defendant, Durand, which

answered that it had no money on deposit to the credit of the defendant, but that it had money on deposit to his credit as "president of the Louisiana Auto Club," naming the amount.

To the end of traversing the answer, the plaintiff filed a motion asserting that the money on deposit was the property of the judgment debtor and that there was not any such corporation as that of which he purported to be president. The garnishee excepted to the motion on the ground that the facts sought to be proved could not thus be ventilated, and considering this contention the Supreme Court said:

"It may be that the corporation is a mythical corporation, and that a mere name was used by the depositor. None the less, the deposits have been made in the name of the company. Until it is proven that the name is fictitious, we do not think that the bank should be held liable as garnishee. * * * Plaintiff did not proceed against the asserted party. It was for plaintiff to make Durand a party individually, and to prove that he is not the president of the company of which he asserts he is."

And the court cited Mansfield v. Stevens, supra, wherein it was held that:

"Where the evidence, upon the disclosure of a garnishee, shows that the debt sought to be garnisheed is payable to a third person, and not to the defendant in the principal action, the disclosure itself is sufficient to protect the garnishee, and it devolves upon the plaintiff to bring in such party if he desires to test the validity of his claim."

Act No. 90 of 1926 provides:

"That notice to any bank or trust company doing business in this state of an adverse claim to a deposit standing on its books to the credit of any person shall not be effectual to cause said bank to recognize said adverse claimant unless said adverse claimant shall also either procure a restraining order, injunction or other appropriate process against said bank from a court of competent jurisdiction in a cause therein instituted by him wherein the person to whose credit the deposit stands is made a party and served with summons, or shall execute to said bank, in form and with sureties acceptable to it a bond, indemnifying said bank from any and all liability, loss, damage, costs and expenses for and on account of the payment of such adverse claim or the dishonor of the check or other order of the person to whose credit the deposit stands on the books of said bank. * * *"

In First Natchez Bank of Natchez, Miss., v. Moss, 52 La. Ann. 170, 26 So. 828, the bank, as a judgment creditor of the defendant, Hartwig Moss, garnisheed Janvier & Moss. Limited, and propounded interrogatories to it in which they were interrogated, not only as to whether it was indebted to Hartwigg Moss, the judgment debtor, or had property or effects of his in its possession or under its control, but whether it was indebted to Mrs. Rosa Rose Moss, or had property of hers in its possession or under its control.

The garnishee answered that it was not indebted to Hartwigg Moss and had no property or effects of his in its possession or under its control, but excepted to the right of plaintiff to propound questions to it, touching the business relations between it and Mrs. Rosa Rose Moss.

Before the exception was disposed of, plaintiff traversed the answers of Janvier & Moss, Limited, and thereby sought to raise an issue between itself and Janvier & Moss, Limited, as to the ownership of certain shares of stock standing in the name of Mrs. Rosa Rose Moss belonging to her or her husband, the defendant, Hartwigg Moss.

The trial court sustained Janvier & Moss, Limited's, exception to plaintiff's right to

propound interrogatories to it as to any indebtedness it might be under to Mrs. Rosa Rose Moss, or to its having property or effects of hers in its possession or under its control, and from that judgment the plaintiff appealed.

And, sustaining this judgment, the Supreme Court said:

"All that we are concerned with now is whether the district court erred in relieving Janvier & Moss, Limited, from answering as garnishees the interrogatories propounded to them as to their having in their possession property of Mrs. Moss. It is not now a question whether Janvier & Moss, Limited, could on the traverse either of their own answers as garnishees, as made in reference to their relations with Hartwigg Moss, or upon the traverse of the answers made by Mrs. Hartwigg Moss as garnishee, be brought to the stand as witnesses, and made to testify on an issue attempted to be raised as to the simulation of the title to Mrs. Moss of the 73 shares of stock standing in the name of the latter. It has been held that a judgment creditor cannot, when a garnishee has answered negatively to having in his possession property of the judgment debtor, be permitted, by traverse to the answer, to raise an issue with the garnishee as to the ownership of property in his possession, the title of which is in the name of some person other than the judgment debtor. Ivens v. Ivens, 30 La. Ann. 249; Peet v. McDaniel, 27 La. Ann. 455; Liminet v. Fourchy, 51 La. Ann. 1303, 26 So. 87. If this be true, it is more obviously true that the original interrogatories propounded to a garnishee could not be directed to the ascertainment of whether the party sought to be made garnishee does not hold in his possession property standing in the name of some person other than the judgment debtor."

It was contended by the plaintiff that the garnishee was without interest to champion the rights of Mrs. Moss inasmuch as she had not herself objected to the effort to compel it to disclose its business relations with her, and, answering this contention, the court said that it was based upon a misconception of the facts, and that:

"The two garnishment proceedings, though originally in one petition, are separate and distinct. The citation upon Janvier & Moss, Limited, brought them into court in their own garnishment proceeding, but not into the garnishment proceeding against Mrs. Rosa Rose Moss, and the citation upon Mrs. Rosa Rose Moss brought her into her own garnishment proceedings, but not into that of Janvier & Moss, Limited.

"Neither is a party to any other proceeding than their own. Mrs. Moss has not, in her own proceeding, waived any of her rights or tendered in her answers any issue of the ownership of the stock standing in her name. It is the plaintiff who has tendered that issue, by its traverse in her case. * * * The traverse itself in that proceeding has not been tried, and when brought to trial it is fair to assume that Mrs. Moss will deny the right of the plaintiff in proceedings in garnishment directed against her to attack her title to the shares of stock standing in her name. Plaintiff is in error in supposing that Janvier & Moss, Limited, have filed their exception in the interest of Mrs. Rosa Rose Moss, or that they have set up in any way the title of Mrs. Moss to any property in their possession. They have simply denied, in their own interest, the right of any judgment creditor, in garnishment proceedings, to propound original interrogatories to a garnishee except as to property in their possession belonging to the judgment debtor. It is obvious that such a claim, if permitted, would so seriously interfere with the business of parties that they are legally interested in their own behalf to contest it."

In the case at bar Mrs. McCall has, by exception to plaintiff's proceedings, denied his right in this way to question her title to the money on deposit in the bank, and the bank has, by exception to the proceeding, denied plaintiff's right to question, in

a proceeding to which she is not a party, her ownership of the money.

In the case at bar, as in the one quoted from, neither garnishee is a party to the garnishment proceeding against the other.

This decision was rendered prior to the enlargement of the rights of married women to obligate themselves generally and to stand in judgment without authority from their husbands or the court; and in view of Act No. 63 of 1896, which provides:

"That any married woman shall have the right to open accounts in the different banks of this state, whether national or state banks, and in savings banks, and deposit money, checks, notes and other funds therein, and to withdraw the same by check or otherwise and without the assistance or intervention of her husband in the same manner and under the same conditions as if she was a femme sole or unmarried woman."

And of Act No. 132 of 1926, which provides:

"That a married woman, whether a resident of this state or not, shall be competent to contract debts, purchase, sell and mortgage and to bind and obligate herself personally and with reference to her separate and paraphernal property; to appear in court and to sue and be sued; to sell, alienate or otherwise dispose and to mortgage and pledge or otherwise encumber her separate and paraphernal property for the benefit of herself, her husband or any other person, and to bind and obligate herself personally or as surety for her husband or any other person. * * * That such married women shall exercise the rights granted * * * without the necessity of obtaining the authority of her husband or the judge. * * *"

We think there is greater reason than there was before that money on deposit in bank to the credit of a wife should not be subjected, as community property, to the payment of a community debt, by means of garnishment proceedings against the bank to which the wife is not a party.

Mrs. McCall was entitled to an opportunity, in a proper proceeding against her and the bank, to show that the deposit was not subject to seizure for her husband's debt.

The Macon Ridge National Bank having answered that it was not indebted to defendant, and had no money or property belonging to him in its possession or under its control, should have been discharged from the proceeding.

And the exception of Mrs. Hattie McCall to the garnishment proceeding should have been sustained and she dismissed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and avoided in so far as it sustains the writs of attachment and garnishment and orders the garnishee Macon Ridge National Bank to pay to plaintiff out of the money on deposit to the credit of Mrs. Hattie McCall the amount of plaintiff's judgment against defendant.

It is further ordered, adjudged, and decreed that the answer of the garnishee Macon Ridge National Bank to the garnishment and interrogatories be sustained and the garnishee discharged.

It is further ordered, adjudged, and decreed that the exception of Mrs. Hattie McCall to the writ of garnishment and interrogatories served on her be sustained and the proceeding dismissed.

It is further ordered, adjudged, and decreed that the plaintiff pay the cost of the garnishment proceedings and those of this court.