## DEMASI v. WHITNEY TRUST & SAVINGS BANK.

### No. 14872.

Court of Appeal of Louisiana. Orleans.
Nov. 4, 1935.

J. H. Morrison and De Lesseps S. Morrison, both of New Orleans, for appellant.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, alleging that his wife opened a savings account with the Whitney Trust & Savings Bank, the predecessor of the present defendant bank, and deposited therein certain money which formed part of the community of acquêts and gains existing between him and his said wife, and that defendant refused to pay over to him the amount of the said deposits, seeks judgment for the amount of the said deposit, $699.31.

Defendant admits that the amounts set forth in the petition were deposited, but alleges that the account was opened jointly by petitioner's wife and his daughter and that practically the entire amount has since been drawn out by his wife or by his daughter with the knowledge and consent of his wife.

The evidence shows that the amount in controversy was actually withdrawn by plaintiff's daughter. The wife testified that these withdrawals were made without her knowledge or consent. The issues which were there involved were technical and complicated and, in spite of the testimony of the wife, judgment was rendered for defendant.

When the transcript of appeal was lodged in this court, defendant-appellee moved to dismiss the appeal on the ground that there had been an acquiescence in the judgment, and to this motion to dismiss it attached an affidavit executed by the wife of plaintiff and witnessed by his said daughter. In this affidavit the wife stated, among other things, that all of the withdrawals had been made "by her or with her full knowledge, consent and approval."

When we considered the motion to dismiss the appeal (161 So. 789), we concluded that the appeal could not be dismissed for acquiescence in the judgment for the reason that the statement which appeared in the affidavit had not been made by the plaintiff himself, but by his principal witness, and we also felt that we could not accept as true that statement unless and until, in the court below, there should be a further hearing on that particular question. We, therefore, refused to dismiss the appeal, but made the following statement:

"If there is new evidence, or if, in fact, there is any evidence which we think should be again considered by the district court, we will, when the matter is presented on the merits, then consider the question of whether the whole case should be remanded to the district court."

If the deposits were made by the wife and daughter jointly and either had authority to make withdrawals, then proof

that the withdrawals were made by either would afford complete protection against any further demand. If the deposits were made by the wife and no one, unless authorized by her, could make withdrawals, then her statement that all withdrawals were made with her knowledge, consent, and approval would defeat the husband's claim.

Since the bank had no knowledge that the fund formed a part of the community, it was authorized to permit such an account to be opened and to permit withdrawals to be made therefrom because, in section 3 of Act No. 45 of 1902 and in section 1, subsec. 8 of Act No. 189 of 1902 it is provided that:

"Money or other property deposited in said banks by married women or minors themselves may be drawn out by them upon their own order or signature without other authorization."

If it be a fact that the withdrawals, by whomsoever they may have been made, were effected with the full knowledge, consent, and approval of Mrs. Demasi, there is no necessity that the other evidence be considered at all. We, therefore, deem it advisable to remand the matter to the end that the court, a qua, may consider such additional evidence as may be available, touching upon the question of whether the withdrawals were made with the consent and approval of the said wife of plaintiff and to the end that the said court may reconsider the matter in the light of such additional evidence as may be adduced.

That we are authorized to take this action we have no doubt. Article 906 of the Code of Practice provides:

"If the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, or otherwise, it may, according to circumstances, remand the cause to the lower court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law."

In Alford v. Illinois Central Railroad Co., 9 Orleans App. 110, this court said:

"An appellate Court has the right to remand a case with instructions to the Court a qua to take further testimony only on a particular point as to which the evidence is insufficient or not clear."

That an affidavit filed in the appellate court may form the basis of such action has been several times held. See Albinest v. Yazoo & M. V. R. Co., 107 La. 133, 31 So. 675.

In Klopstock & Co., Inc., v. United Fruit Co., 171 La. 296, 131 So. 25, 27, is found the following:

"Our conclusion is that, on the record as made up, there was no error in sustaining the prescription of two years, provided by the law of this state, namely, by Act No. 223 of 1914. However, plaintiff has filed in this court an affidavit, purporting to show that the flour was shipped in two cars on the same date from St. Joseph, Mo., for direct transshipment via United Fruit Company steamer to Cusco & Co., Havana, Cuba, and which also purports to show that the cars, containing the flour, remained on the railroad tracks, at New Orleans, only long enough to transfer the shipment, in the usual course of business, to the steamship direct. To this affidavit are attached copies of railway bills and receipts, which purport to show substantially the same facts.

"New evidence may not be introduced in this court. Code Prac., arts. 894, 895. Therefore the court may not consider, on this appeal, the new evidence offered. Plaintiff, anticipating the possibility of such a ruling, has asked in his brief that, in the event our conclusion be adverse to it, the case be remanded. We may remand the case, in the furtherance of justice, to afford an opportunity to establish the true situation. Gleason & McManus v. Sheriff, 20 La. Ann. 266; State ex rel. Nelson v. Police Jury, 32 La. Ann. 884; State ex rel. Ranger v. City of New Orleans, 34 La. Ann. 202; Code Prac. art. 906."

In view of the present state of the record, we think that the ends of justice require that we exercise the discretion vested in us by section 2 of Act No. 229 of 1910, and require that the costs of this appeal be paid by defendant.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and set aside, and it is now ordered that this case be remanded to the district court for further proceedings according to law and not inconsistent with the views herein expressed; defendant to pay the costs of this appeal; all other costs to await final determination.

Reversed and remanded.