## BRIAN & BRIAN v. SHAD (WILLIAMS et al., Garnishees).

### No. 17105.

Court of Appeal of Louisiana. Orleans.

Feb. 27, 1939.

Brian & Brian, of New Orleans, for appellants.

Robert Guerard Hughes and Milo B. Williams, both of New Orleans, for appellees.

McCALEB, Judge.

The plaintiff, a law firm doing business in the City of New Orleans, is the judgment creditor of Guy N. Shad in the sum of $154.34. In an attempt to obtain satisfaction of the judgment, plaintiff caused writs of fieri facias and garnishment to be

issued and propounded questions to the garnishees, Milo B. Williams and Percy E. McKay, regarding indebtedness by them to the judgment debtor, Guy N. Shad. In reply to the questions, the garnishees denied that they were indebted to Shad in any sum whatsoever and further answered that they were renting a certain piece of real estate in the City of New Orleans under written leases from his wife, Mrs. Peggy Moisley Shad; that they had no information concerning the ownership of the real estate other than that it was separate property of Mrs. Shad; that their leases expired on September 30, 1938, and that the lease of Mr. McKay was for a monthly rental of $40 payable in advance, whereas the lease to Mr. Williams was for a monthly rental of $45 also payable in advance.

Shortly after these answers were made by the garnishees, the plaintiff, alleging that the statements contained therein were evasive and untrue, filed a rule in these proceedings to traverse them. Plaintiff's theory of the falsity of the garnishees' answers is that the property leased by Mrs. Shad to the garnishees belongs to the community of acquets and gains existing between her and her husband and that the garnishees knew, or had good reason to believe at the time they made the answers herein under attack, that the real estate was not Mrs. Shad's separate and paraphernal property.

In the court below there was judgment in favor of the garnishees and the plaintiff has appealed from the adverse decision.

The record reveals the following facts:

The defendant garnishees, at the time of the service of the writs, were lessees in the premises No. 400 Florida Ave., having leased the same under separate written contracts from Mrs. Peggy Moisley Shad. The real estate was originally acquired by Mr. Shad and his wife from the Suburban Building & Loan Association on September 24, 1925. On March 27, 1937, Mrs. Shad caused to be recorded in the mortgage office an affidavit wherein she swore that, although title to the real estate stood in the name of her husband and herself, it was, in truth and in fact, her separate and paraphernal property. On April 29, 1937, her husband, Guy N. Shad, executed a dation en payment in her favor wherein he recognized that he was indebted to her in the sum of $5,000, and in repayment of that amount he conveyed to her any and all

of his right, title and interest in the real estate.

It is the plaintiff's contention that the dation en payment is void in that the affidavit of Mrs. Shad clearly shows that her husband was not indebted to her in any sum whatsoever. It is argued from this premise that, since the garnishees answered that the property leased by them from Mrs. Shad was her personal property, their answers are false and that therefore they are liable for the amount of the rent which subsequently became due under the leases.

We are unable to discern merit in the postulation. In the first place, we entertain grave doubt that the plaintiff has the right to question the validity of the dation en payment from Mr. Shad to Mrs. Shad by the method attempted by it in this rule, without making Mrs. Shad a party to the proceeding. See Smith v. McCall, 14 La. App. 609, 122 So. 149, and Kearney v. Nixon, 19 La.Ann. 16. But should we concede, for the purpose of discussion, that such an attack can be made and that the property in question belongs to the community of acquets and gains existing between the judgment debtor and his wife, it does not follow that the garnishees are indebted to the community.

It will be readily observed that, in order for the plaintiff to establish that the garnishees have answered falsely, the proof submitted would have to be such as to warrant the conclusion that the property leased to them was not only owned by the community existing between Mr. and Mrs. Shad but that the garnishees were indebted to the community under the contracts of lease. The leases were executed between Mrs. Shad as lessor and the garnishees as lessees. The garnishees' liability thereunder was to Mrs. Shad and to her alone. Under Act No. 283 of 1928, a married woman has the right to contract in the same manner as though she were a feme sole. Moreover, it is not necessary that the lessor be the owner of the thing leased and it was sufficient that she was able to deliver to her lessees the possession of the premises. See C.C. Art. 2681. And, under C.C. Art. 2682, Mrs. Shad, the lessor, warranted to her lessees the enjoyment of the premises against the claim of the real owner. It is also well established in our law that the lessee cannot contest the title of his lessor. See Stinson v. Marston,

185 La. 365, 169 So. 436, and cases there cited.

■ In view of the foregoing, it is clear that the liability of the garnishees under the contracts of lease was to Mrs. Shad. In the event she sued them for a violation of the contracts, they could not have asserted that their obligations were due to the community of acquets and gains existing between her and her husband. By the same token, if Mr. Shad had sued for a cancellation of the leases on the theory that the property belonged to the community, the garnishees, under Art. 2682 of the Code, could call Mrs. Shad in warranty to defend the claim.

■ It is not necessary for a party leasing real estate to investigate the title to the property. He is mainly interested in having the possession of the premises delivered to him and to be maintained in peaceable occupancy by his lessor. The questions propounded to the garnishees in the instant case concerning the title to the property required them to give their opinion on a question of law. If the garnishees are mistaken in their belief as to the legal status of the real estate, it cannot be said that their answers are in fact false. The truth of the situation seems to be that the plaintiff, instead of seizing the real estate under the writ of fieri facias on the theory that it was community property, sought to have its legal status determined collaterally by attacking the verity of the garnishees' answers.

The district judge was correct in dismissing plaintiff's rule.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.