The question of law tendered in this case is: Can a husband, as head and master of the community of acquets and gains, compel a bank, without the wife's consent or authority, to pay over to him community funds deposited in the bank by the wife to her individual account?
Plaintiff herein appealed from judgment sustaining exceptions of no cause and no right of action interposed by the depositary bank.
The facts of the case, disclosed from the petition, are these:
Plaintiff was married to his wife, Ruby C. Lacaze, nee Rachel, on April 17, 1941. During the year 1942 he was inducted into the armed forces of his country and on April 27, 1943, embarked for overseas duties. He was honorably discharged on September 4, 1945. During his service over seas he, as by him alleged, "caused to be paid to and forwarded to his said wife cash funds in excess of $1,500.00," which she deposited to her own account and in her own name, in defendant bank. Presumably, the funds referred to were the proceeds of service and allotment checks issued by the Government.
Plaintiff further alleged that he inquired of said bank on or about October 1, 1946, the balance in his wife's account therein, and was informed that it was then $1,026.50; that he then informed the officers of the bank that he was the husband of the depositor, and again on March 7, 1947, he inquired of the bank the balance in said account *Page 893 
at that time and was advised that it was $541.17; that he then drew a check in his own favor on the bank for said balance, presented it for payment, and payment thereof was refused.
Plaintiff further alleged that he informed the bank officials that said funds constituted an asset of the community of acquets and gains between him and his wife and as head and master thereof he was entitled to possession thereof. It is on this theory that this suit is predicated. He sued to recover judgment primarily for $1,026.50 and, alternatively, for $541.17.
We were informed on oral argument of counsel that plaintiff and his wife at time this suit was filed were estranged, but that no suit for divorce or separation had been instituted.
Under Act No. 63 of 1896 and Section 3 of Act No. 45 of 1902, a married woman may open in her own name a checking or savings account in any bank of this state and withdraw funds therefrom by check or otherwise without the consent or authority of her husband.
[1] The relation of creditor and debtor arises when a bank receives a deposit of money to be placed to the credit (account) of the person in whose name the deposit is made. Hibernia National Bank in New Orleans v. National Bank of Commerce in New Orleans, 204 La. 777, 16 So.2d 352 and 7 Am.Jur. 313, § 444.
It was held in Smith v. McCall et al., 14 La. App. 609-614, 122 So. 149, that money on deposit in a bank in the wife's name could not be subjected, as community property, to the payment of a community debt by means of garnishment against the bank to which the wife is not a party.
In Le Rosen v. North Central Texas Oil Company, Inc.,169 La. 973, 126 So. 442, 443, it was held that a bank, under the terms of a deposit to the credit of husband and wife, was obligated to account for the fund to the wife as well as to the husband; that the money deposited "was not subject to the unconditional control and order of the lessor" (the husband).
Defendant confidently relies upon the case of Demasi v. Whitney Trust Savings Bank, La. App., 163 So. 759, 760. This case is not at all decisive of the issue in the present case. That case holds that the husband, as head and master of the community, may sue the depositary bank to recover community funds deposited therein to the account of the wife, that were paid out by the bank on checks of a person not authorized to draw them. But, in this case the funds were gone. The account had been closed by debit charges. The bank's liability, if any, was that of an ordinary debtor. The husband as head and master of the community is exclusively vested with the power to sue to recover community property so long as the marriage regime exists.
In passing, the court held in the Demasi case, as follows:
"Since the bank had no knowledge that the fund formed a part of the community, it was authorized to permit such an account to be opened and to permit withdrawals to be made therefrom * * *."
[2, 3] The acts of 1886 and 1902, above mentioned, are referred to by the court as authority for the quoted pronouncement. We do not fully agree with it. Even though funds tendered for deposit be assets of the community and knowledge of their character be imparted to the bank, it would still have the right to accept the deposit in the wife's name and would be fully protected under said acts in paying out the same on her personal checks or in pursuance of her personal authority. If this were not true, to act safely, when a married woman applied to open an account in a bank it would have to satisfy itself in some way that the funds tendered for deposit were her separate and paraphernal property. The cited acts were intended to facilitate rather than hinder the conduct of banking business by married women at a time previous to their civil emancipation. Act No. 283 of 1928.
[4] The above cited cases, so far as our research reveals, are the only ones that to any extent discuss or consider the rights of married women as regards community funds deposited to their personal account in a bank, and while not decisive of the *Page 894 
proposition propounded in this case, they do accord to such an account a character and status that ordinarily community funds and property, in the wife's possession, do not enjoy. These cases make it clear that such funds may only be paid out on the wife's authority, and that in a judicial proceeding, designed to have the funds subjected to payment of debts of the husband or of the community, she must be a party thereto. This clearly proves that the right of the wife in funds making up such an account cannot be affected through proceedings against the depositary only; and that is what is sought to be done in the present case.
[5] Ordinarily, in a contest over funds, money or credit in which the holder or depositary has no real interest other than to see that the true owner is awarded same, the holder or depositary may relieve himself of responsibility by impleading all claimants and by depositing the money, fund or credit in court to be there battled for. By so doing, the holder or depositary passes out of the case. In the present case, what would be the result of such procedure? The husband and wife would be left to wage the contest between themselves which is not permissible under the laws of this state, so long as no suit between them for a divorce or separation has been instituted.
[6] Really, when a husband entrusts community funds to his wife for deposit in bank to her individual account, he clearly, in effect, surrenders to her the preference right of administration of said funds that the law accords him. He may do this or not as he pleases. It is a matter that concerns only him.
[7] The question arises, in view of what we have just said, to-wit: May the husband without the consent of the wife have restored to him through judicial proceedings, the administration of community funds that have passed into the possession of the wife in the manner herein disclosed, so long as the marital ties are not dissolved, or sought to be dissolved? We do not believe so.
For the reasons herein assigned, the judgment appealed from is affirmed with costs.