HARDY, Judge.
Plaintiff, as judgment creditor of Sterling Natural Gas Corporation, under a writ ■of fieri facias instituted this garnishment proceeding against Texas Eastern Transmission Corporation as garnishee. After filing of answers to interrogatories propounded to the named garnishee, one John A. Rammuno filed a petition of intervention praying for judgment dismissing the garnishment proceedings. A stipulation of fact was filed by counsel for plaintiff and inter-venor. The district court rendered judgment which decreed the plaintiff had no interest in funds in the possession of the garnishee and dismissed the garnishment against Texas Eastern Transmission Corporation, from which judgment plaintiff has appealed.
Intervenor’s petition alleged that he and various other parties were the owners of leasehold interests of property from which gas was being produced and sold; that Sterling Natural Gas Corporation was the agent for intervenor and the other owners of the leasehold interests and that the funds in the hands of the garnishee for payment to Sterling Natural Gas Corporation were not subject to seizure for Sterling’s debts. In connection with the intervention it should be noted that the intervenor does not disclose the extent of his interest nor does he claim to be acting for the other “various parties.” Under these circumstances some question might arise as to the extent and degree of relief to which intervenor would be entitled. However, in view of our conclusion as set forth infra, we pretermit discussion of this question.
The stipulation discloses the following pertinent facts which we quote in extenso as follows:
“1.

m

Sterling Natural Gas Corporation is engaged in the business of gathering and compressing natural gas in Ouachita Parish, Louisiana, and delivering it to Texas Eastern Transmission Corporation pursuant to a contract for the sale thereof dated June 11, 1962 in connection with which Sterling Natural Gas Corporation has now been designated Seller’s Representative by Intervenor and the remaining owners of the leases from which gas is produced and sold under the contract.
"II.
Sterling Natural Gas Corporation owns no interest whatsoever in the leases from which gas is produced and sold to Texas Eastern Transmission Corporation but has a contract with Intervenor and the other owners of the leasehold interests for the gathering and compression of the gas produced therefrom and its delivery to Texas Eastern Transmission Corporation.
“III.
In payment for its services in gathering, compressing and delivering the natural gas mentioned above, Sterling Natural Gas Corporation receives 4.288 cents per MCF of gas produced, compressed *186 and sold to Texas Eastern Transmission Corporation.
‘TV.
Texas Eastern Transmission Corporation pays a gross price of approximately 14 cents per MCF for the gas produced and sold to it; this price is adjusted for B. T. U. penalties and severance tax reimbursements and the gross purchase price for the gas is' paid to Sterling Natural Gas Corporation, as representative of the Parties Seller.
“V.
Upon receipt of the purchase price for the natural gas, ^Sterling Natural Gas Corporation deducts and pays Louisiana State severance taxes and also deducts and withholds therefrom its above mentioned charge of 4.288 cents per MCF of gas produced and sold. The remaining funds received from Texas Eastern Gas Transmission Corporation are then distributed by Sterling Natural Gas Corporation to the royalty and leasehold owners. The charges of Sterling Natural Gas Corporation for gathering, compressing and delivering the gas are not paid to the leasehold owners and then collected from them, but rather such amounts are deducted from and retained by Sterling Natural Gas Corporation from the purchase price of the natural gas received from Texas Eastern Gas Transmission Corporation, the purchaser.”
The issue presented requires a determination as to whether the amount of 4.288 cents per MCF of gas payable by Texas Eastern as garnishee to Sterling Natural Gas Corporation, the judgment debtor, and, under contract with the owners of the leasehold interest, to be received, deducted and withheld by Sterling is subject to garnishment in the hands of Texas Eastern.
Under C.C.P. Article 2411 it is clear that a judgment creditor may proceed against a third person as garnishee with respect to property which “ * * * he has in his possession or under his control belonging to the judgment debtor * *
We have been unable to find any authority directly appropriate to the issue under the facts presented by this appeal. It is noted that in his written reasons for judgment the district judge appeared to place substantial reliance upon the holding of the court in George Sliman & Company v. Hemperly (1st Cir. La.App., 1936), 168 So. 718. We do not find the cited case to be pertinent since it exclusively involved the issue of ownership of a bank deposit. The holding of the court is authority only for the conclusion that money on deposit in a bank is subject to proof of ownership by an intervenor, notwithstanding the fact that the deposit is carried by the bank in the name of the owner’s agent who is the judgment debtor.
In K. & M. Store, Inc. v. Lewis (1st Cir. La.App., 1945), 22 So.2d 769, the claim of the intervenor wife in a garnishment proceeding was dismissed on the ground that she failed to prove that the funds seized constituted her separate property. Again it must be observed that the only effect of this holding is to recognize the right of an intervenor to prove a claim of ownership as to property seized under garnishment proceedings. No such issue is presented in the case before us.
In Airey & Stouse v. Hoke (1927), 164 La. 998, 115 So. 60, the Supreme Court denied judgment against the garnishee on the ground that the garnishee did not know the relations existing and the state of the account between the agent and principal. However, it is of some relevance to set forth the court’s qualification of its ruling, under the facts of the case, which was expressed as follows:
“And nothing hereinabove said conflicts with the well-settled principle that money or property which can he identified as belonging to one person may be recovered by him or reached by his creditors, even though found in the possession or stand *187 ing in the name of another * * (Emphasis supplied.)
It is the contention of plaintiff that funds ■or credits in the hands of Texas Eastern as garnishee belong to Sterling Corporation, the judgment debtor, to the extent of 4.288 ■cents per MCF. This contention is opposed by intervenor on the basis of the argument that it is a mere coincidence that Sterling is both the operator of the gathering and compression system and also the agent for the owners of the leasehold interests; that payment of the charge for Sterling’s services (at the rate of 4.288 cents per MCF) is a contractual obligation owed by the owners of the leasehold interests to Sterling but that this interest in the hands of Texas Eastern does not actually belong to Sterling.
Frankly, we are unable to perceive any logic or any equitable basis for this contention on the part of intervenor. The facts are plain. Intervenor and his co-owners, by the effect of their contract, have been responsible for bringing about the ■“coincidence” which authorized Sterling to operate the gathering and compression ■system and also to serve as their agent in collecting the proceeds of gas sales. Furthermore, intervenor and his co-owners provided the method of payment of compensation to Sterling at the agreed rate. The inescapable fact is that, as the result of their voluntary contractual agreement, the amount of 4.288 cents per MCF would never come into the possession of intervenor ■and his co-owners. The contract vested Sterling’s right to compensation to the extent provided and fixed, obviously as a method of convenience to all parties, the method by which he collected this compensation.
Although it likely has no bearing upon the determination of the issue presented, and, therefore, may be regarded purely as an obiter expression, we are impelled to the observation that the record fails to disclose any adverse effect upon the rights of the intervenor which would result from maintenance of the garnishment proceedings. The argument that plaintiff should proceed directly against the owners of the leasehold interests is debatable and open to serious question, but, in any event, this method of execution would not necessarily exclude the procedure which has been adopted in this case.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Oil & Gas Specialities Company and against Texas Eastern Transmission Corporation maintaining the garnishment and directing the said garnishee to pay all monies which it now holds to the extent of 4.288 cents per MCF for gas into the hands of the Sheriff of Ouachita Parish, Louisiana, to be applied to the satisfaction of plaintiff’s judgment against Sterling Natural Gas Corporation.
All costs of both courts are taxed against intervenor.